### 24383. McCLARTY v. McCLARTY.

NICHOLS, Justice. On March 10, 1967, Scarlett W. McClarty filed a petition in the Superior Court of Polk County against William A. McClarty seeking a divorce, alimony and custody of the couple's infant child. On June 22, 1967, the following judgment was rendered: "The above and foregoing case coming on for the temporary hearing at the time and place previously agreed by the parties, and with all parties and their counsel present, it is hereby ordered and adjudged as follows: The defendant shall pay to the plaintiff each week hereafter the sum of $15 for the temporary support, maintenance and education of the minor child, William Timothy McClarty, provided, however, said support shall not be paid for the weeks that defendant has custody of said child as hereinafter provided. Temporary custody of the minor child is awarded to petitioner, except that defendant shall have temporary custody of said minor child for two weeks out of each two months. The first two weeks custody period of said defendant shall be from Saturday, July 8, 1967 at 12 o'clock noon. Thereafter the plaintiff shall have said child for six weeks and the defendant for two weeks out of each subsequent two months, from the same times on the appropriate Saturdays until further order of this court. At the beginning of said two weeks custody period of the defendant, he or some responsible adult member of his family designated by him, shall pick said child up at the home of plaintiff at 1910 Bonnabella Ave., Savannah, Georgia, and at the end of said period he shall deliver said child to the home of plaintiff's mother at 214 East Girard Avenue, Cedartown, Georgia. It shall be the duty of the plaintiff to pick said child up in Cedartown at the end of said period. This order

shall be in full force and effect until further order of this court, and the child shall not be carried from the State of Georgia without prior approval of this court. The defendant shall pay to plaintiff's attorney the sum of $100, for bringing and prosecuting this action." Thereafter, on July 14, 1967, the plaintiff filed in the office of the clerk of the superior court a dismissal of the petition, and on July 24, 1967, the defendant filed a written objection and motion to strike the dismissal. The plaintiff demurred to such motion and thereafter on August 24, 1967, the trial court overruled the plaintiff's demurrers and struck the dismissal. The plaintiff appeals from such judgments of August 24, 1967, adverse to her. *Held:*

1. Since no defensive pleadings had been filed by the defendant seeking affirmative or other relief the sole question for decision is whether a dismissal by the plaintiff after the entry of the above quoted judgment would prejudice the defendant, for under *Code* § 3-510, which was in effect at all times when this case was before the trial court, a plaintiff may dismiss an action at any time if it does not prejudice the rights of the defendant.

(a) The above judgment granting the defendant custody of the couple's infant child for two weeks out of each eight-week period was such a judgment that his rights would be prejudiced by a dismissal of the plaintiff's petition. See *Breeden v. Breeden,* 202 Ga. 740 (5) (44 SE2d 667); *Grayson v. Grayson,* 217 Ga. 133 (121 SE2d 34). Accordingly, the judgments complained of, overruling the plaintiff's demurrers to the motion to strike the dismissal and striking such dismissal, were not error for any reasons assigned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 14, 1967—DECIDED NOVEMBER 22, 1967.

*Wayne W. Gammon,* for appellant.
*Glenn T. York, Jr.,* for appellee.