26574.   ALLEN v. ALLEN.

ARGUED JUNE 14, 1971—DECIDED JULY 9, 1971—
REHEARING DENIED JULY 30, 1971.

*Gettle, Jones & Fraser, Sherman C. Fraser, Richard A. Gordon,* for appellant.

*Knox & Evans, Robert E. Knox, Jr.,* for appellee.

FELTON, Justice. Appellant and appellee were married on May 18, 1957, and have one child as the issue of said marriage, to wit: John David Allen. On September 20, 1968, appellant filed a complaint against appellee in the Superior Court of McDuffie County, Georgia, praying for: (1) temporary and permanent custody of said minor child of the parties; (2) temporary and permanent alimony and support for the maintenance of appellant and for the maintenance of said minor child of the parties; (3) temporary and permanent use and enjoyment of property, both real and personal, enumerated in appellant's complaint; (4) appellee to be restrained and enjoined from removing said minor child of the parties from the jurisdiction of the court until such time as a final termination as to the issues of the case could be made.

Appellant did *not* pray for a total divorce between the parties.

On October 17, 1968, appellee filed his answer to appellant's complaint and cross action against appellant. In said cross action appellee prayed: (1) That the prayers of appellant's complaint be denied; (2) That appellee be granted temporary and permanent custody of the minor child of said parties; (3) That appellee be awarded a total divorce, that is to say a divorce a vinculo matrimonii between the parties.

On November 1, 1968, the court entered an "Order as to Temporary Custody and Support and Maintenance of Minor Child" in which the temporary custody and control of the minor child of the parties was awarded to appellee's mother, Mrs. Ella Rabun, and in which appellee was ordered to pay to Mrs. Ella Rabun the sum of $100 per month for the support and maintenance of said minor child. Said order further provided "that the provisions of this order shall remain in full force and effect until further order of this court."

On February 15, 1971, appellant dismissed all of her pleadings in connection with her action in the McDuffie County Superior Court. On March 8, 1971, Honorable Robert L. Stevens, Judge of the Superior Court of McDuffie County, Georgia, entered an "Order as to Permanent Custody of Minor Child" in which the permanent custody of said minor child was awarded to appellee.

It is from this order of permanent custody that appellant has brought her appeal, alleging that the McDuffie County Superior Court lacked jurisdiction to award permanent custody of said minor. The judgment appealed from is as follows:

"The within case having come on to be heard in its regular order, *and it appearing to the court that the sole issue now to be passed upon by the court is that of the permanent custody of the minor child of the parties, namely: John David Allen, (plaintiff having dismissed all of her pleadings) and after hearing evidence as contemplated by law*

"It is considered, ordered and adjudged that the permanent custody and control of the minor child of the parties, namely: John David Allen, be and the same is hereby awarded to defendant, John Daniel Allen, with the right of plaintiff, Sarah E. Allen, to visit with said minor child on the home premises of the said John Daniel Allen between the hours of 1:00 p.m. and 6:00 p.m. on Saturdays and Sundays of the first and third weekends of each month, beginning with March, 1971, and at such other times as may be satisfactory and agreeable to the said defendant, John Daniel Allen.

"So ordered, this 8th day of March, 1971." (Emphasis supplied.)

Since the judgment recites that it was rendered "after hearing evidence as contemplated by law," and the evidence is not brought

to this court on the appeal, the judgment must be and is affirmed on authority of *Code* § 30-213; *Breeden v. Breeden,* 202 Ga. 740 (5) (44 SE2d 667) and cit.; *Grayson v. Grayson,* 217 Ga. 133 (121 SE2d 34) and *McClarty v. McClarty,* 223 Ga. 813 (158 SE2d 236).

*Judgment affirmed. All the Justices concur.*

## Amendments to Supreme Court Rules.

**Rule 37.    Certiorari. . . .**

(j)    **Matters of Gravity and Importance.**

(1) In all cases (1) where the Court of Appeals has affirmed an order of the trial court denying a motion for a summary judgment, where no ruling on any issue or question of law is involved, the Supreme Court will not entertain an application for the writ of certiorari; (2) involving appeals from the State Board of Workmen's Compensation, the Supreme Court will not entertain an application for the writ of certiorari, except in those cases in which at least three judges of the whole court dissent from the ruling of the majority, or where there is a conflict between the divisions of the Court of Appeals on a question of law.

By order dated March 2, 1972.

**Rule 11.    Objections to Records or Transcripts. . . .**

(c).    **Waiver.**

Appellee shall be deemed to have waived any failure of the appellant to comply with the provisions of the appellate practice act relating to the filing of the transcript of the evidence and proceedings or transmission of the record to this court unless objection thereto was made and ruled upon in the trial court prior to transmittal.

By order dated March 2, 1872.

**Rule 14.    Filing; Preparation; Service.**

(a).    The enumeration of errors shall be filed with the Clerk of this Court within 20 days after the case is docketed in this office. Concerning appeals transferred from the Court of Appeals see Rule 21 (c). Failure to file the enumeration of errors within the time specified in these rules shall subject the offender to contempt. Failure to comply with an order of this Court directing the filing of the enumeration of errors shall cause the appeal to be dismissed. . . .

(e)    **Review.**

The enumeration of errors shall be deemed to include and present for review all judgments necessary for a determination of the errors specified.

By order dated March 2, 1972.

## CORRECTIONS.

Page 42, line 12 from top. The word "post" after the citation, should read "ante."

Page 58, line 12 from bottom. Insert the word "been" between "have" and "set."

Page 168, line 9 from top. The word "arged" should read "argued."

Page 175, line 12 from bottom. "Of him" should read "him of."

Page 254, top line. Delete beginning quotation marks; line 6 from top delete closing quotation marks.

Page 254, line 17 from top. "USCA § 3085" should read "USCA § 8701."