### 27910. JONES v. JONES.

JORDAN, Justice. Dorothy Jones filed a complaint for divorce in Clayton Superior Court on August 5, 1971, against David C. Jones, and appeals an order of November 20, 1972, certified for direct appeal, overruling her amended motion to dismiss an amendment to the respondent's answer, which he filed on August 29, 1972. The amendment is in the nature of a counterclaim or cross bill, asserting conduct of the petitioner as grounds for the award of a total divorce.

In her original motion Mrs. Jones asserted that at the time the respondent filed his amendment her suit for divorce was no longer pending in that she had filed a voluntary dismissal on November 6, 1971. The record is silent as to service or notice to the respondent of this

filing at the time he filed his amendment to his answer. In the amendment to her motion she asserted additionally that a divorce suit between the parties was still pending in DeKalb Superior Court, based on a complaint which she filed on September 26, 1968.

The certified copy of the proceedings filed in DeKalb Superior Court as contained in the record in the present appeal is silent as to any final disposition of the divorce suit in that court.

The wife's petition in Clayton Superior Court asserts the requisite venue and jurisdictional facts to support a suit for divorce in Clayton Superior Court, and that the parties lived together as man and wife until separation on July 31, 1971. These facts the husband admits. *Held:*

1. Having considered all of the circumstances as revealed in the present appeal, including the record from DeKalb Superior Court as contained therein, we conclude that the parties by their own conduct have mooted any right of either to continue his or her claim for a divorce under the pleadings on file in DeKalb Superior Court. See Code § 30-109 regarding subsequent cohabitation. Accordingly, we proceed to dispose of the present appeal on the premise that the case in DeKalb Superior Court is moot, and is therefore not to be treated as a pending suit.

2. Generally, an action may be dismissed by the plaintiff without order of court by filing a written notice of dismissal at any time before verdict. If a counterclaim has been pleaded by a defendant prior to service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication. CPA § 41 (a) (Code Ann. § 81A-141 (a)). Compare this with Federal Rule 41 as published in Ga. Code Ann. Book 23A, Appendix B, p. 227.

This record shows that while plaintiff filed a voluntary

dismissal, no service of such dismissal was made upon the defendant or his counsel. Generally, CPA § 5 (a) (Code Ann. § 81A-105), like Federal Rule 5, requires every written notice to be served. We see no valid reason for excepting a written notice of dismissal, and are further of the view that the requirement for service of the written notice of dismissal is implicitly intended and expected in all cases. Moreover, if a plaintiff voluntarily dismisses, common sense and good practice dictate a requirement of notice to the other party who, without notice, might continue investigation and preparation and be put to useless expense to defend an action no longer in existence.

Accordingly, we hold that a complaint is merely dormant after the plaintiff files a written notice of dismissal, and does not stand dismissed as of the date of filing of the notice unless and until the opposing party is served or has actual notice, in which event it is also governed by the provisions relating to a counterclaim. It necessarily follows from the above that the trial judge did not err in overruling the wife's motion to dismiss the husband's amended answer. Irrespective of whether the wife treats her claim as pending or abandoned, the husband has pending in Clayton Superior Court for adjudication a claim for divorce not subject to dismissal on motion of the opposing party for the reasons asserted in the present case.

3. In view of the rulings heretofore made it is unnecessary to consider arguments advanced by the husband, citing *McClarty v. McClarty,* 223 Ga. 813 (158 SE2d 236), that once an action for divorce has commenced, and interlocutory orders are issued in respect to child custody or other matters, the original petitioner cannot unilaterally dismiss.

4. The appeal is without merit for any reason argued and insisted upon.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 15, 1973 — DECIDED JULY 2, 1973.

*Charles H. Hyatt, Robert J. Nesmith, Lee Hutcheson,* for appellant.

*Albert B. Wallace,* for appellee.