71305. ROUTH v. ST. MARYS AIRPORT AUTHORITY et al.
(342 SE2d 502)

BENHAM, Judge.

Appellant Robert W. Routh seeks a reversal of the dismissal of his breach of contract action against appellees St. Marys Airport Authority ("St. Marys") and Timothy Adamson. Appellant leased land, equipment, and aviation facilities from St. Marys to conduct commercial aviation operations. The parties signed a lease agreement dated September 6, 1983, that outlined their rights and obligations. On April 12, 1984, appellant, by means of a document called "Agreement of Lease and Sale of Assets," assigned and sold all of the rights and obligations conveyed to him in the September 6 lease to appellee Adamson; in consideration therefor, Adamson assumed the payments on two notes on which Routh was obligated. Adamson took possession of the property on the date the contract was signed and subsequently made $2,000 of the required payments. About two months after the sale, St. Marys notified Adamson that he had breached one of the provisions of the assigned contract; Adamson subsequently vacated the property. In late July 1984, St. Marys notified appellant that the assigned contract had been terminated as a result of Adamson's breach. Appellant then brought a breach of contract action against St.

Marys and Adamson, alleging that St. Marys breached the original contract between it and appellant by failing to give him timely notice of Adamson's alleged breach, thereby causing him to lose the $13,000 still owed by Adamson, and that Adamson breached his contract with appellant by failing to continue making the required installment payments.

St. Marys moved to dismiss the complaint for failure to state a claim upon which relief could be granted (OCGA § 9-11-12 (b) (6)), contending that since it was not a party to the contract between Adamson and Routh, it could not be held liable for Adamson's breach of that contract. After a hearing, the trial court granted the motion. Adamson then moved to dismiss the claim against him for lack of venue (OCGA § 9-11-12 (b) (3)). Adamson was a resident of Clayton County at the time appellant filed suit in Camden County where St. Marys was located. The trial court, relying on *Timberlake Grocery Co. v. Cartwright*, 146 Ga. App. 746 (247 SE2d 567) (1978), granted Adamson's motion, concluding that when venue is lost to the resident defendant it is lost to the non-resident codefendant.

1. Appellant contends that the trial court erred in dismissing his claim against St. Marys because his assignment of rights to Adamson would not have been complete until Adamson had paid the entire $15,000, and that therefore St. Marys was still obligated under its contract to notify appellant, not Adamson, of Adamson's breach. We disagree.

Appellant's complaint alleges that on April 12, 1984, he assigned and sold his lease agreement with St. Marys to Adamson and that Adamson took possession of the property and began making the required payments. There was no allegation that the assignment and sale was a conditional offer to assign title coupled with an assignment for security purposes, which was the situation in *Walter E. Heller & Co. v. Aetna Business Credit*, 158 Ga. App. 249, 259 (280 SE2d 144) (1981), on which appellant relies in his brief. It is clear from the wording of the assignment/sale contract and the subsequent actions of the parties as alleged in the complaint that appellant and Adamson intended for the contract to pass complete title to Adamson and to completely divest appellant of his interests therein on the date the contract was signed. That being so, appellant had no standing to file suit against St. Marys. *Roberts v. Hill*, 78 Ga. App. 264 (50 SE2d 706) (1948); OCGA § 9-2-20.

Appellant directs our attention to the assignment/sale contract provision and corresponding allegation which state that if Adamson did not make all of the required payments within six months after the contract date, the sale would be null and void and all rights would revert back to appellant. He argues that the provision means he did not give away the rights granted him under the lease contract with St.

Marys. We again disagree, and the language of the provision itself belies appellant's contention. If appellant intended that the property rights would not pass to Adamson until all the money was paid, he would not have allowed Adamson to take possession of the property and there would be no need for such a reversion clause, for there would be nothing to revert. But assuming for the sake of argument that appellant's interpretation of the provision is controlling, St. Marys would still have had no obligation to notify appellant of Adamson's alleged breach. The six-month time period had not expired at the time of his alleged breach, which occurred on or before June 11, 1984, so whatever interest Adamson held on April 12 still belonged to him. St. Marys alleged obligation to notify appellant, if it arose at all, did not arise until the end of the six-month period, October 12, 1984, and not on June 11, 1984, as appellant contends. There being no set of facts appellant can prove in support of his claim which would entitle him to relief, the trial court did not err in dismissing the complaint. *White v. Augusta Motel &c. Co.*, 119 Ga. App. 351 (167 SE2d 161) (1969). Moreover, in the absence of the hearing transcript, there is nothing in the record to indicate that the trial court did not rule correctly in granting St. Marys motion, so we must affirm the judgment. *Attwell v. Heritage Bank*, 161 Ga. App. 193, 194 (291 SE2d 28) (1982).

2. Appellant also contends that the trial court erred in dismissing his claim against Adamson for lack of venue for two reasons. The first reason is that reversal by this court of the trial court's ruling dismissing the suit against St. Marys would correct the venue as to Adamson; the second is that Adamson subjected himself to the jurisdiction of the Camden County trial court when he filed his answer and counterclaim in response to appellant's complaint.

We agree that the trial court erred in dismissing the case as to Adamson on improper venue grounds, but for neither of the reasons argued by appellant. Our affirmance of the trial court in Division 1 of this opinion disposes of appellant's first argument; the second also has no validity. Adamson did not subject himself to the jurisdiction of the Camden County court by filing his responsive pleadings during the time when St. Marys was still within the trial court's jurisdiction. "Pleading to and defending on the merits when [he] was legally required to do so, and at a time when the court had jurisdiction, did not constitute a waiver on the question of improper venue. [Cits.]" *Charles S. Martin Distrib. Co. v. Roberts*, 111 Ga. App. 653, 654 (143 SE2d 11) (1965); OCGA § 9-11-12 (b) (3).

However, the trial court should have treated Adamson's motion to dismiss as a motion to transfer, pursuant to the Uniform Transfer Rules (251 Ga. 893) (1984) adopted by the Supreme Court. Since it did not do so, "we must reverse the trial court's grant of [appellee

Adamson's] motion to dismiss and remand the action to the trial court for transfer to the appropriate court where venue is proper." *Lingo v. Worcester County &c. Savings*, 171 Ga. App. 892 (321 SE2d 744) (1984).

*Judgment affirmed in part and reversed in part, and case remanded with direction. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 10, 1986.

*Craig A. Webster*, for appellant.
*J. Grover Henderson, Robert H. Baer*, for appellees.