## 74981. SOCOLOW v. GOODMAN.
### (360 SE2d 653)

DEEN, Presiding Judge.

This appeal arises from a probate court's assessment of $3,810.09 attorney fees against the appellant, Rosah Kline Socolow, for propounding an invalid will without a reasonable belief that the will could be probated. Before the petition was filed, an attorney for Socolow discovered that the purported will had never been properly witnessed. Socolow claimed that the decision to file the petition anyway was made after being advised by counsel that it would be difficult, but not impossible, to probate the will. Within a week after Ronald Goodman (the nephew of the decedent and Socolow) filed his caveat, Socolow dismissed the petition. In awarding the attorney fees to the caveator, the probate court rejected as incredible Socolow's claim that she had proceeded to file the petition only upon the advice of counsel. *Held*:

1. OCGA § 9-15-14 (a) provides that "[i]n any civil action in any court of record of this state, reasonable and necessary attorney fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just." Socolow's sole contention on appeal is that it was unjust to assess the attorney fees against her, rather than the attorney who prepared the petition.

In this case, it was undisputed that the purported will was invalid, and there was evidence before the probate court that supported a finding that Socolow, and not the attorney, had been the *primum mobile* in the aborted petition to probate the will. Under these circumstances, while the probate court may have been authorized to assess some of the attorney fees against the attorney as well, it was no abuse of discretion or manifest injustice to assess the fees against Socolow only.

2. The appellee has moved for attorney fees under OCGA § 9-15-14, or, in the alternative, for damages for a frivolous appeal pursuant to OCGA § 5-6-6. That motion is denied, as it appears to this court that (1) motions under OCGA § 9-15-14 are addressed to the trial

courts, and (2) this appeal was not interposed only for purposes of delay.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1987.

Rosah Socolow, *pro se.*
*James B. Richardson,* for appellant.
*Mark L. Golder, Ronald W. Eisenman,* for appellee.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*