75675. MOORE et al. v. CANDLER GENERAL HOSPITAL et al.
(363 SE2d 793)

DEEN, Presiding Judge.

On October 30, 1984, Edgar and Helen Moore's son Moses was born in Candler General Hospital. Dr. McAlpine was his attending pediatrician. The Moores, individually and on behalf of their son, subsequently brought suit against the hospital, its employees, and Dr. McAlpine, alleging that the child's mental retardation was proximately caused by the negligence of Dr. McAlpine, the hospital, and its employees. Both the hospital and the doctor filed motions for summary judgment, which were granted. The Moores appeal.

Candler General Hospital's motion was supported by the affidavit of a registered nurse who was in charge of the normal newborn nursery and the deposition of a physician who is a professor of pediatrics at the Medical College of Georgia. The nurse's deposition stated that she had reviewed the hospital records pertaining to the case and that no act or failure to act on the part of the hospital or its staff either caused or contributed to the condition of the Moore child, and that, in her opinion, the hospital "exercised that degree of skill and care in furnishing equipment, facilities and services used in similar hospitals with similar resources in the area, and at all times exercised that degree of care, skill and diligence ordinarily possessed and exercised under similar circumstances by hospitals generally." In the physician's deposition, he testified that the child was born with a part of his brain missing, a condition known as agenosis of the corpus callosum, which is a birth defect. This condition is caused when a band of fiber between the two sides of the brain fails to develop. Also included in the record is the deposition of a geneticist who testified that this condition is caused by either a genetic defect or a trauma which occurs between the 17th and 27th week of fetal development.

Dr. McAlpine filed an affidavit in support of her motion for summary judgment which states that she rendered medical care to Moses Moore while he was hospitalized in Candler Memorial Hospital and that she continued to give him medical care and treatment during his visits to her office, and that during her care of the child she "exercised the degree of skill, care and learning ordinarily exercised by

members of my profession generally at the time in question and used reasonable care and diligence in the exercise of my best judgment and the application of my skills in the treatment of Moses Moore." No response was filed to the motions.

1. On April 17, 1987, appellants filed a voluntary notice of dismissal. At the hearing on the motions for summary judgment, appellees learned for the first time of the voluntary dismissal, as the notice had not been served on appellees' attorneys. Counsel for both parties filed affidavits stating that they had not been served with notice of dismissal and that the trial court's order of May 14, 1987, held that the voluntary dismissal could not stand. We must agree. A complaint does not stand dismissed until the opposing party is served with written notice of the voluntary dismissal. *Patterson v. Professional Resources*, 140 Ga. App. 315, 317 (231 SE2d 88) (1976). Accordingly, the motion to dismiss was invalid and of no effect, and the trial court did not err in ruling on the motions for summary judgment.

2. As appellants filed no response to the motions for summary judgment, and the affidavits and depositions of experts which were attached to the motions showed that there were no questions of fact requiring jury resolution, the trial court did not err in granting summary judgment on behalf of the appellees. To avoid the grant of summary judgment in a medical malpractice suit, the plaintiff "must counter a defendant's expert affidavit with a contrary expert opinion." *Craft v. Wilcox*, 180 Ga. App. 372, 375 (348 SE2d 894) (1986). A physician can be his or her own expert witness, and his or her opinion must be countered by the plaintiff with the opinion of an expert. *Nettles v. Laws*, 172 Ga. App. 241 (322 SE2d 546) (1984). The trial court properly granted summary judgment in favor of the hospital and the physician.

3. Appellee McAlpine's motion for litigation costs and attorney fees pursuant to OCGA § 9-15-14 is denied for the reasons set forth in *Socolow v. Goodman*, 184 Ga. App. 103 (360 SE2d 653) (1987).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 23, 1987 —
REHEARING DENIED DECEMBER 14, 1987 —

*Carlton R. Stewart*, for appellants.
*I. Gregory Hodges, James L. Elliott, Wendy W. Williamson*, for appellees.