76130. ORKIN EXTERMINATING COMPANY v. MORRISON.
(371 SE2d 407)

BENHAM, Judge.

Appellee purchased a Glynn County home on which appellant had executed a wood infestation report. Four months later, appellee saw evidence of an active wood infestation and called appellant, whose employee then chemically treated appellee's home. Appellee became ill within days of the application of the chemical treatment and subsequently learned that his illness was due to his hypersensitivity to Chlordane and Heptachlor, two chemicals used to kill termites. Tests revealed that his house and furnishings contained the

chemicals. Appellee then filed suit against appellant, alleging that appellant's employee had negligently handled, applied, and spilled toxic and cancer-causing chemicals in appellee's home, to appellee's physical, emotional, and financial detriment. Appellant filed an answer and a motion to dismiss for improper venue. The trial court denied appellant's motion, and we granted appellant's application for interlocutory review of that decision.

1. Regardless of the merits of appellant's motion, dismissal of appellee's cause of action was not the appropriate remedy for improper venue. Rule 19.1 of the Uniform Rules for the Superior Courts provides that a timely motion in any pending civil action or proceeding that venue is improper "shall be treated as a motion to transfer the action to another court." 253 Ga. 801, 829. See also *Routh v. St. Marys Airport Auth.*, 178 Ga. App. 191 (2) (342 SE2d 502) (1986). Thus, the trial court did not err in denying appellant's motion to dismiss. We need only decide whether the trial court erred in failing to transfer the case to another venue.

2. Appellee filed his action in Ware County, where appellant, a Delaware corporation, had an office and transacted business. Appellant's registered office is maintained in Fulton County. Under OCGA § 14-2-63, the statute governing venue for proceedings against a corporation, a foreign corporation authorized to transact business in Georgia may be sued *on contracts* in the county where the contract sought to be enforced was made, if the corporation has an office and transacts business in that county. OCGA § 14-2-63 (c). A foreign corporation authorized to transact business in Georgia may be sued for damages because of *tortious injury* in the county where the cause of action originated, if the corporation has an office and transacts business in that county. OCGA § 14-2-63 (d). These venues are in addition to the county in which the corporation maintains its registered office.

Appellee maintains that venue is proper in Ware County because appellant has an office and transacts business there, and the contract requiring appellant to inspect the house for wood infestation was made there. While appellee's allegations supporting Ware County venue may be true, close scrutiny of appellee's complaint shows it to be one sounding in tort. It does not state a cause of action based upon contract. Therefore, venue established pursuant to OCGA § 14-2-63 (c) is inappropriate. Venue for damages due to tortious injury may be brought in the county where the cause of action arose if the corporation has an office and transacts business in that county. OCGA § 14-2-63 (d). Appellant's alleged negligent conduct, the application of the chemicals at appellee's Glynn County home, did not occur in Ware County. Thus, venue was improper in Ware County.

3. However, the defense of improper venue may be waived "[i]f it

is neither made by motion under [OCGA § 9-11-12] nor included in a responsive pleading, as originally filed." OCGA § 9-11-12 (h) (1) (B). OCGA § 9-11-12 (b) (3) requires that the defense of improper venue be asserted in the responsive pleading or made by written motion filed at or before the time of pleading. Appellant's answer was filed June 30, 1986, and its motion to dismiss was filed over a year later, on July 27, 1987. Appellant argues that its motion was timely because it had "clearly" and "unquestionably assert[ed] improper venue as a defense to [appellee's] claim" in its answer. We disagree.

In his complaint, appellee alleged that appellant "is a foreign corporation domesticated by the State of Georgia with its principal office and place of business in Georgia, and has an office and transacts business in Ware County, Georgia where the contract sought to be enforced was made out of which the breaches of contract and tortious conduct arose, and had said office and transacted business in Ware County at the time the contract was entered into, and is subject to the jurisdiction of this court. See: [OCGA] § 14-2-63." In its answer, appellant admitted "it is a foreign corporation qualified to do business in Georgia, with its principal place of business located in Fulton County, Georgia, and admits that it has an office and an agent in Ware County, Georgia, and admits that it is subject to the jurisdiction of this Court. All other allegations of paragraph (1) of the Complaint are denied."

"Every defense, in law or fact, . . . shall be *asserted* in the responsive pleading thereto if one is required. . . ." OCGA § 9-11-12 (b). (Emphasis supplied.) Appellant contends that its general denial of the remaining allegations of the first paragraph of appellee's complaint constituted an *assertion* that venue in Ware County was improper. We cannot agree. Improper venue is a defense. OCGA § 9-11-12 (b) (3). "Although there is no need for a defendant to set forth any evidence, or to expose its defense in detail, it is required that an answer contain a statement of facts sufficiently definite so that the plaintiffs will be informed of the defense they must be prepared to meet. [Cit.]" *Knickerbocker Tax Systems v. Texaco*, 130 Ga. App. 383, 385 (203 SE2d 290) (1973). While it is not necessary to set forth in a responsive pleading reasons why venue is improper, in order to *assert* the defense, a defendant must make reference to venue. A general denial is not an *assertion*. Since appellant did not assert timely the defense of improper venue, that defense was waived. OCGA § 9-11-12 (h). The trial court did not err in failing to transfer this case to Fulton County.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 25, 1988 —
REHEARING DENIED JULY 11, 1988 — 

*Richard P. Decker, Jay M. Barber*, for appellant.
*J. Alvin Leaphart*, for appellee.