### A90A0045. LAMB v. TRETIAK.
(391 SE2d 722)

SOGNIER, Judge.

T. Gordon Lamb d/b/a Lamb and Associates ("Lamb") brought suit against Robert E. Tretiak d/b/a Apollo Computer Services and Tandy Corporation d/b/a Radio Shack to recover damages Lamb allegedly incurred in his purchase of certain computer hardware and software. Lamb subsequently dismissed Tandy Corporation from the suit and a bench trial ensued. The trial court awarded Lamb $2,900 and he appeals.

1. Appellant contends the trial court erred by failing to specify in its order the nature of the damages awarded and the reason or source of the damages. "However, as rewritten by the enactment of Ga. L. 1987, p. 1087, § 1, which is controlling here, OCGA § 9-11-52 (a) now requires separate specific findings of fact and conclusions of law in non-jury trials *only* 'upon request of any party made prior to such ruling, . . .' Subsection (c) provides, *inter alia*, that '(w)hen findings or conclusions are not made prior to judgment to the extent necessary for review, failure of the losing party to move therefor after judgment shall constitute a waiver of any ground of appeal which requires consideration thereof.'" *Doe v. Chambers*, 188 Ga. App. 879, 881 (2) (374 SE2d 758) (1988). Appellant does not refer this court to any request for separate written findings and conclusions made prior to the court's ruling, and our review of the record and transcript has not disclosed such a request by either party. Further, although subsection (c) of the statute refers to "the losing party" and appellant here successfully recovered on his suit, we interpret the statute to apply to parties such as appellant who, while qualifying as the "winning party" in one sense, come within the purview of OCGA § 9-11-52 (c) in that they "lost" something in the judgment to which they felt entitled and subsequently file an appeal of that judgment enumerating error regarding that "lost" item. Accordingly, since appellant failed to move the court for specific findings of fact after judgment pursuant to OCGA § 9-11-52 (c), appellant has waived any objection. *Doe*, supra at 881 (2); *Ruff v. Central State Hosp.*, 192 Ga. App. 631, 632 (1) (385

SE2d 734) (1989).

2. Appellant contends the trial court erred by failing to award him the proper amount of damages, contending that unrebutted evidence established he was entitled to recover from appellee a sum exceeding $26,000. Although appellant asserts he was entitled to recover for the sums he expended to hire consultants and others to perform duties appellee was supposed to perform, the trial court was authorized to conclude from the plain language of the contract between the parties, which was admitted into evidence, that the agreement placed no duty on appellee to perform these services. Although, as appellant correctly notes, most of his evidence of damages was unrebutted, the trial court was authorized to conclude from the evidence that was presented that these damages stemmed not from computer software problems, which constituted the sole basis for appellant's action against appellee, but from computer hardware problems, which appellant had resolved with Tandy Corporation. After reviewing the transcript, we disagree with appellant that the trial court failed to recognize the difference between computer hardware and computer software when determining the type of damages to which appellant was entitled. "In a bench trial the court sits as the trier of fact and his findings shall not be set aside unless clearly erroneous. The 'clearly erroneous' test is the same as the 'any evidence rule.' Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them." (Punctuation and citations omitted.) *Gulf Winds v. First Union Bank*, 187 Ga. App. 383, 385 (370 SE2d 508) (1988). As there is evidence to sustain the amount of damages awarded by the trial court, we cannot disturb it. See id. at 386 (1).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 7, 1990.

*Lamb & Associates, David S. Beale*, for appellant.
*T. Gordon Lamb*, pro se.
Robert Tretiak, *pro se.*