## A99A0954. HUDSON v. MEHAFFEY.
(521 SE2d 838)

PHIPPS, Judge.

Appellant-plaintiff Cathy Hudson initially filed an action against appellee-defendant Barbara Mehaffey on July 18, 1997, seeking to recover damages for personal injuries sustained in a July 20, 1995 automobile collision. On August 4, 1997, Hudson filed a voluntary dismissal without prejudice. The DeKalb County Sheriff's Office served Mehaffey with the initial summons and complaint on August 20.

On April 15, 1998, Hudson filed a separate action against Mehaffey for the same injuries and alleged that it was a renewal of the former action. The sheriff's office served Mehaffey with the second action on April 16. In response, Mehaffey answered the complaint and filed a motion to dismiss based on Hudson's failure to file the second action prior to the expiration of the two-year statute of limita-

tion. In a one-sentence order, the trial court granted Mehaffey's motion to dismiss. Hudson appeals that order.

There is no dispute that Hudson's initial action was filed prior to expiration of the applicable two-year statute of limitation, OCGA § 9-3-33, or that the dismissal of that action was filed after the limitation period had expired. Pursuant to OCGA § 9-2-61 (a), an action initially brought within the statute of limitation and dismissed by the plaintiff may be recommenced within six months after the dismissal; however, if the dismissal occurs outside the statute of limitation, the renewal privilege may be exercised only once.

The renewal statute applies only to actions that are valid prior to dismissal. *Osborne v. Hughes*, 200 Ga. App. 558, 559 (409 SE2d 58) (1991). To constitute a "valid action," the complaint must be served personally on the defendant. Id.; see also *Hobbs v. Arthur,* 264 Ga. 359, 360 (444 SE2d 322) (1994) (original suit is void if service is not perfected because filing of complaint without perfecting service does not constitute pending suit). Thus, if Hudson did not serve Mehaffey in the original suit prior to dismissal, she cannot utilize the renewal statute to avoid the statute of limitation bar to her second suit.

Hudson argues that the dismissal, although filed on August 4, 1997, was not effective until October 20, 1997, when Hudson contends Mehaffey's counsel was first served with the dismissal.[1] According to Hudson, the renewal statute applies because the first suit was never effectively dismissed until after service on Mehaffey, making the first suit valid prior to dismissal. Hudson relies on *Moore v. Candler Gen. Hosp.*, 185 Ga. App. 280, 281 (1) (363 SE2d 793) (1987); *Patterson v. Professional Resources*, 140 Ga. App. 315, 317 (4) (a) (231 SE2d 88) (1976); and *Jones v. Jones*, 230 Ga. 738, 740 (2) (199 SE2d 239) (1973), for the proposition that a complaint is not dismissed until opposing counsel is served with or receives notice of the dismissal. In *Jones*, the court expressed the rationale behind the rule — it would be unfair to allow a plaintiff to voluntarily dismiss a case without notice to the defendant who may continue to expend time and money in investigating and pursuing a defense in a case that no longer exists.

However, none of those cases involved a situation where the dismissal was filed prior to service of the complaint. Where an action is dismissed before service of the complaint, there is no pending action to serve. In addition, we are not presented with the policy concerns expressed in *Jones* because Mehaffey claims no prejudice based on

---

[1] The record contains no evidence regarding the actual date or manner in which Mehaffey or her counsel first received notice of the dismissal. We cannot consider the factual assertions of the parties appearing in briefs when such evidence does not appear on the record. *Hixson v. Hickson*, 236 Ga. App. 894, 895 (1) (512 SE2d 648) (1999).

any lack of notice of the dismissal. Moreover, the facts here differ greatly from those in *Moore*, supra (defendants first learned of notice of dismissal at hearing on their motions for summary judgment); *Patterson*, supra (defendant moved to strike dismissal filed after entry and filing of final order and judgment); and *Jones*, supra (defendant filed counterclaim prior to service of voluntary dismissal). There is no evidence that Mehaffey expended time or incurred expense prior to receiving notice of Hudson's dismissal or that Mehaffey lost the opportunity to pursue potential claims against Hudson based on lack of notice of the dismissal. In these circumstances, Hudson cannot take advantage of her failure to serve the dismissal upon filing to extend the statute of limitation.

If Hudson had waited until service was perfected prior to filing the dismissal of the first action, she could have preserved her right to renew the action within six months. However, because the complaint was not served on the defendant prior to dismissal, the first action is not valid. *Osborne*, supra at 559. Therefore, the renewal statute is not available to allow Hudson to avoid the statute of limitation bar to her second suit.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 26, 1999.

*Yokely & Associates, Daryl V. Yokely, Tracy L. Parsons*, for appellant.

*Harper, Waldon & Craig, Russell D. Waldon, Jonathan M. Adelman*, for appellee.