## A01A0622. CANNON AIR TRANSPORT SERVICES, INC.
## v. STEVENS AVIATION, INC.
### (548 SE2d 485)

MILLER, Judge.

Among the issues on appeal are (1) whether under Uniform Superior Court Rule 19.1 (G) a defendant, as opposed to the plaintiff, may pay the bill of costs needed to effectuate a transfer of a case ordered by the court, and (2) whether the evidence here supports the court's default judgment in favor of the defendant on its counterclaim. We hold that the source of the payment for transfer costs is irrelevant, so long as they are timely paid, and that the plaintiff's intentional failure to respond to discovery requests suffices to sustain the principal judgment on the counterclaim. We therefore affirm the judgment with the exception of that portion awarding defendant its attorney fees. Since the defendant failed to present evidence showing the reasonableness of those fees, we vacate this portion of the judgment and remand the case.

Dissatisfied with the repair work of Stevens Aviation, Inc. on its airplane, Cannon Air Transport Services, Inc. refused to pay the amount remaining due to Stevens, which included $20,000 it admitted was due, and instead sued Stevens in Fulton County Superior Court for breach of contract, negligence, and attorney fees. Arguing that venue was proper only in Fayette County, Stevens moved to transfer the case to Fayette Superior Court. Stevens also answered and counterclaimed for the full amount remaining due and for attorney fees.[1]

Stevens served interrogatories and requests to produce on Cannon, which Cannon ignored. Stevens moved to compel responses, to which motion Cannon filed no opposition. Instead, Cannon noticed the depositions of nine current or former employees of Stevens. Stevens then moved for sanctions, asking that Cannon's complaint be struck and that default judgment be entered on the counterclaim. Once again, Cannon ignored the motion.

On January 14, 1998, the Fulton judge ordered the case transferred to Fayette. Before the bill of costs for the transfer was prepared by the Fulton clerk, Cannon filed a voluntary dismissal of its complaint, attached to which was a certificate of service signed by Cannon's attorney. In fact, the dismissal was never served on Ste-

---

[1] Filing a counterclaim, especially a compulsory counterclaim as here, does not waive a party's properly asserted objection to venue. *Routh v. St. Marys Airport Auth.*, 178 Ga. App. 191, 193 (2) (342 SE2d 502) (1986); see *Antec Corp. v. Popcorn Channel*, 225 Ga. App. 1, 3 (3) (482 SE2d 509) (1997); *Charles S. Martin Distrib. Co. v. Roberts*, 111 Ga. App. 653, 654 (143 SE2d 11) (1965); see generally *Riggio v. Lawson*, 204 Ga. App. 774, 775 (1) (420 SE2d 613) (1992).

vens. When Stevens six weeks later learned of the dismissal, it objected and moved to have the dismissal set aside. On May 28, 1998, the Fulton clerk sent out the transfer bill of costs, which Cannon declined to pay.[2] Stevens paid the bill, although there was a dispute whether the payment was made within the required 20 days.[3] The case was transferred to Fayette.

After an evidentiary hearing on the sanctions motion, which hearing apparently was not recorded, the Fayette court found that Cannon had wilfully failed to respond to discovery. The Fayette court dismissed Cannon's complaint with prejudice and entered default judgment in Stevens's favor on its counterclaim. Cannon appealed to this Court, claiming among other things that its voluntary dismissal precluded the court from dismissing its complaint with prejudice and that Stevens's payment of transfer costs was untimely. In an unpublished opinion, 240 Ga. App. XXVI (1999), we cited to *Moore v. Candler Gen. Hosp.*[4] and held that the unserved voluntary dismissal "was invalid and of no effect." Nevertheless, we vacated the Fayette court's judgment and remanded the matter for an evidentiary hearing to determine whether the transfer costs were timely paid.

After the hearing, in which the court also received evidence on the damages sought in the counterclaim, the Fayette court found that the transfer costs were paid on June 16, 1998, which was the nineteenth day after the bill of costs had been issued. The court therefore concluded it had jurisdiction over the matter and reaffirmed its earlier findings of wilful discovery abuse by Cannon. Dismissing the complaint, the court entered default judgment in Stevens's favor on its counterclaim in the amount of $86,005.11, consisting of $36,741.31 in compensatory damages ($29,102.03 plus interest at the rate of seven percent from December 31, 1996) and $49,263.80 in attorney fees. Cannon appeals.

1. Cannon first enumerates that Stevens's payment of the transfer costs was invalid because USCR 19.1 (G) refers to the *plaintiff*, not the *defendant*, as paying transfer costs within 20 days of the bill of costs to avoid an automatic dismissal. The Supreme Court of Georgia was faced with a similar situation when a third party paid the intangible personal property tax assessed against Lombard Corporation, the party challenging the constitutionality of the tax in that case.[5] Even though OCGA § 48-6-25 (now repealed[6]) directed that

---

[2] Cannon was obviously hoping to escape the sanctions motion through an automatic dismissal of the case under USCR 19.1 (G).

[3] See USCR 19.1 (G).

[4] 185 Ga. App. 280, 281 (1) (363 SE2d 793) (1987).

[5] *Collins v. Lombard Corp.*, 270 Ga. 120 (508 SE2d 653) (1998).

[6] Ga. L. 1996, p. 132, § 3.

"[e]ach . . . person [owning taxable property] shall report the property and pay taxes on the property as provided in this article,"[7] the Supreme Court held that the third party's payment of the tax was valid and rendered the constitutional challenge moot.[8]

Similarly, we hold that even though USCR 19.1 (G) directs the plaintiff to pay the transfer costs, Stevens's payment of the transfer costs here was valid and prevented the automatic dismissal from being triggered.[9]

2. Cannon contends that the trial court erred in finding that Stevens's payment of the transfer costs took place on June 16, 1998, which was the nineteenth day following the issuance of the cost bill. Cannon argues that the evidence required the court to find that the payment took place on June 24.

The appellate standard of review for bench trials of material facts is the "clearly erroneous" test, also known in civil cases as the "any evidence" rule.[10] Regardless of whether evidence supports an opposite finding, we construe the evidence in favor of the trial court's finding and affirm if there is any evidence to support it.[11]

Here evidence supported the trial court's finding. A certified copy of the Fulton court's docket sheet was marked as "PAID" on June 16, 1998, with a specific notation that this was the date payment was received from Stevens's counsel.[12] Stevens's counsel submitted its cancelled checks, dated June 16, 1998, which counsel verbally confirmed to the court were paid on that date to cover the transfer costs.[13] The Fulton clerk certified the transfer record on June 19, 1998, five days before the alleged payment on June 24 and three days after June 16. The court could infer that this certification would not have taken place until payment was received. The court did not clearly err in finding that the transfer costs were paid within the required 20 days.

3. Cannon claims that its voluntary dismissal, which was filed before the costs were paid and thus before the transfer was effectuated, nullified the transfer and thus deprived the Fayette court of jurisdiction over Cannon's complaint. Cannon maintains that the Fulton court retained jurisdiction over the counterclaim.

---

[7] Former OCGA § 48-6-25; see Ga. L. 1996, p. 136.

[8] *Collins*, supra, 270 Ga. at 122 (2).

[9] See USCR 19.1 (G); *Phillips v. McCroskey*, 234 Ga. App. 87 (1) (506 SE2d 388) (1998) (dismissal is automatic).

[10] *Progressive Preferred Ins. Co. v. Aguilera*, 243 Ga. App. 442, 445 (2) (533 SE2d 448) (2000).

[11] Id. at 445-446 (2).

[12] See OCGA § 24-7-20 (certified copies of public records are admissible).

[13] See *Thomas v. Scott*, 221 Ga. 875, 878 (7) (148 SE2d 300) (1966) (statements of counsel in open court may be taken as true).

Cannon's position ignores the express ruling of this Court in the previous appeal, in which this Court addressed this argument and concluded that because Cannon failed to serve the voluntary dismissal on Stevens, the dismissal "was invalid and of no effect."[14] Under OCGA § 9-11-60 (h), a ruling by this Court is binding in all subsequent proceedings in the same case, whether before the trial court or on appeal.[15] Accordingly, this matter has already been decided against Cannon in a binding ruling.

4. Cannon contends that the court erred in granting default judgment on the counterclaim as a discovery sanction since Cannon's noncompliance with discovery was not wilful. The trial court recounted in detail the evidence showing Cannon's repeated and year-long failure to respond to discovery requests despite motions to compel and for sanctions. The court concluded:

Cannon has intentionally failed and refused to respond to Stevens'[s] discovery request in this case. . . . Cannon's refusal to respond to discovery is intentional and its continued pursuit of discovery through the noticing of numerous depositions rather than responding to a properly filed and served motion to compel was a conscious abuse of the discovery process. Consciousness of the failure to respond is further evidenced by plaintiff's counsel's failure to follow through with promises to respond and the complete disregard of two discovery motions filed by Stevens.[16]

Our review of a trial court's finding of a wilful refusal to comply with discovery is the "any evidence" standard.[17] Not only do the pleadings and cited evidence support the trial court's finding, but we note that the evidentiary hearing on the sanctions motion apparently was not transcribed and certainly was not included in the record on appeal. "In the absence of a transcript of the hearing on appellee's motion for sanctions, we must assume the evidence supported a finding that appellant's failure to [respond] was wilful."[18]

The court's finding of wilful noncompliance authorized its decision to dismiss the complaint and to enter default judgment on the counterclaim.[19] If, after proper service, a party or his agent fails to

---

[14] See *Moore*, supra, 185 Ga. App. at 281 (1).

[15] *Widener v. Ashkouti*, 239 Ga. App. 530 (1) (521 SE2d 215) (1999).

[16] Cannon's attempt to excuse its conduct as the fault of its attorney is to no avail. See *Link v. Wabash R. Co.*, 370 U. S. 626, 633-634, fn. 10 (82 SC 1386, 8 LE2d 734) (1962) (party must live with actions of its chosen attorney).

[17] *Dyer v. Spectrum Engineering*, 245 Ga. App. 30, 33 (2) (537 SE2d 175) (2000).

[18] (Punctuation and footnote omitted.) Id.

[19] See OCGA § 9-11-37 (d) (1); *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 439 (2) (254 SE2d 825) (1979); *Vining v. Kimoto USA*, 209 Ga. App. 296, 297 (2) (433 SE2d 342) (1993).

serve answers or objections to interrogatories or requests to produce, the presiding judge "may take any action authorized under [OCGA § 9-11-37] (b) (2) (A) through (b) (2) (C). . . ."[20] So upon Cannon's complete failure to answer or object to Stevens's interrogatories and requests to produce, the trial court was authorized to strike pleadings, to dismiss the action, or to render default judgment against the disobedient party.[21] Thus, the trial court did not abuse its discretion in dismissing Cannon's complaint and in entering judgment by default on Stevens's counterclaim.[22]

5. Cannon urges that no evidence supported the court's awarding of $29,102.03 on the counterclaim. On appellate review of a bench trial, we must affirm the court's award of damages if there is any evidence showing with reasonable certainty the amount of damages.[23] So long as the award is within the range of the evidence adduced, we will affirm the trial court's judgment.[24]

Here Stevens's vice-president of finance, who was personally familiar with the invoices arising out of the repair, testified that the amount outstanding was $34,102.03. Thus, the award of $29,102.03 was well within the range of damages, particularly considering that Cannon's president testified that Cannon was due a $5,000 credit.

6. Cannon complains that the evidence did not warrant the award of $49,263.80 in attorney fees. We agree.

OCGA § 13-6-11 authorizes the imposition of attorney fees where the defendant has caused the plaintiff unnecessary trouble and expense. A defendant who has asserted a counterclaim that is independent of a claim for litigation expenses may similarly recover attorney fees from a plaintiff who has caused the defendant unnecessary trouble and expense.[25]

Here the court found that Cannon had caused Stevens unnecessary trouble and expense, citing to evidence that (1) Cannon admitted to owing $20,000 to Stevens but had refused to pay, (2) Cannon had filed three different lawsuits in three different counties based on the same facts and theories of recovery, and (3) Cannon had employed numerous law firms to litigate with Stevens in an effort to avoid or delay paying monies that Cannon admitted owing. Thus,

---

[20] OCGA § 9-11-37 (d) (1).

[21] OCGA § 9-11-37 (b) (2) (C).

[22] *Revels v. Wimberly*, 223 Ga. App. 407, 408 (1) (477 SE2d 672) (1996).

[23] *CRS Sirrine, Inc. v. Dravo Corp.*, 219 Ga. App. 301, 302-303 (1) (464 SE2d 897) (1995); see *Lamb v. Tretiak*, 194 Ga. App. 764, 765 (2) (391 SE2d 722) (1990).

[24] *Canal Ins. Co. v. Savannah Bank &c. Co.*, 181 Ga. App. 520, 522 (3) (352 SE2d 835) (1987).

[25] *Glenn v. Fourteen West Realty*, 169 Ga. App. 549, 551 (2) (313 SE2d 730) (1984); accord *Gardner v. Kinney*, 230 Ga. App. 771, 772 (498 SE2d 312) (1998).

some evidence supported a finding of unnecessary trouble and expense.[26]

The amount of the fees is another matter. "An award of attorney fees is unauthorized if appellee failed to prove the actual costs of the attorney and the reasonableness of those costs."[27] Although Stevens presented evidence that the actual costs of its attorney were $49,263.80, it wholly failed to present any evidence as to the reasonableness of those fees. Even though testimony from its own attorney on this matter would have sufficed,[28] Stevens made no effort to introduce such. Contrary to representations made at appellate oral argument by Stevens's counsel, no witness testified that he or she thought the amount of fees was reasonable. This glaring deficiency in the record requires this Court to vacate the attorney fees award.

When a party seeking attorney fees has failed to present an essential element of proof, but the trial court nevertheless awarded attorney fees, we have consistently reversed or vacated that portion of the judgment awarding the attorney fees and remanded the case to the trial court to hold an evidentiary hearing to allow the party, if possible, to cure the matter.[29] Accordingly, we vacate that portion of the judgment awarding Stevens $49,263.80 in attorney fees and remand the case to the trial court to hold an evidentiary hearing on the amount of the attorney fees.

7. Cannon argues that the court erred in failing to grant its motion to set aside a judgment entered in a separate civil action Cannon filed against Stevens in Fayette County court. A separate appeal in that distinct action would be the proper avenue for addressing any alleged errors by the trial court in that action. We are without jurisdiction to address that matter in the case sub judice.

*Judgment affirmed in part and vacated in part and case remanded with instruction. Andrews, P. J., and Eldridge, J., concur.*

DECIDED MAY 7, 2001 ▮▮▮▮▮▮▮▮

*James S. Strawinski, Michael L. Goldberg,* for appellant.

---

[26] Cf. *Rogers v. Ga. Ports Auth.*, 183 Ga. App. 325, 329 (3) (358 SE2d 855) (1987).

[27] (Citation omitted.) *Fiat Auto U.S.A. v. Hollums*, 185 Ga. App. 113, 116 (5) (363 SE2d 312) (1987); accord *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606) (1993); see *Redwine v. Windham*, 237 Ga. App. 149, 151 (513 SE2d 13) (1999).

[28] *Nichols v. Main Street Homes*, 244 Ga. App. 591, 593 (1) (536 SE2d 278) (2000).

[29] *Hsu's Enterprises v. Hospitality Intl.*, 233 Ga. App. 309, 311 (2) (502 SE2d 776) (1998); *Davis v. Southern Exposition Mgmt. Co.*, 232 Ga. App. 773, 776-777 (5) (503 SE2d 649) (1998); *Hallman v. Emory Univ.*, 225 Ga. App. 247, 253 (4) (483 SE2d 362) (1997) (physical precedent only); *Cornelius v. Wood*, 223 Ga. App. 339, 342 (5) (477 SE2d 595) (1996); *Banks*, supra, 209 Ga. App. at 402; compare *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147 (2) (475 SE2d 601) (1996).

*Kilpatrick Stockton, R. Randy Edwards, William R. Poplin, Jr.,* for appellee.