## A03A2322. TURNER v. STATE OF GEORGIA.
### (592 SE2d 864)

RUFFIN, Presiding Judge.

The State filed a complaint for forfeiture of Frank L. Turner's 1993 Ford Taurus, alleging that the vehicle had been directly or indirectly used to facilitate a violation of the Georgia Controlled Substances Act. Following a bench trial, the trial court ordered the forfeiture of Turner's vehicle. Turner appeals. For reasons that follow, we affirm.[1]

"In a bench trial, the court sits as the trier of fact and his findings shall not be set aside unless clearly erroneous."[2] We will not disturb factfindings of a trial court if there is any evidence to sustain them.[3]

During the bench trial, Officer Woody of the Lowndes County

---

[5] *Galgano v. State*, 147 Ga. App. 284, 287 (248 SE2d 548) (1978).

[6] *Whitehead*, supra at 309.

[1] The State's motion for imposition of a frivolous appeal penalty pursuant to Court of Appeals Rule 15 (b) is hereby denied.

[2] (Citations omitted.) *Lamb v. Tretiak*, 194 Ga. App. 764, 765 (2) (391 SE2d 722) (1990).

[3] Id.

Sheriff's Department testified that he and another officer, Jimmy Royals, stopped Turner after observing him commit two traffic violations. Royals noticed a piece of plastic bag in the car, and Woody, based on his experience that such bags could be used for illegal drugs, asked Turner if he would consent to a search of his car for illegal drugs. Both officers testified that Turner consented to a search of his car, and he told them that he knew cocaine was in his car and that he was a cocaine user. Turner denied making these statements to the officers. Gail Payne, a forensic chemist, testified that the material found in his car was 1.2 grams of cocaine.

The trial court found that the officers stopped Turner after observing him commit two traffic violations. The court found that Royal observed a piece of plastic bag in the car, that such a bag was consistent with the packaging used for illegal drugs, and that Turner consented to a search of his vehicle. The court also found that the cocaine weighed over one gram and that Turner told the officers that he knew the cocaine was in his car and that he was a cocaine user. Based on these findings of fact, the court denied Turner's request to suppress the cocaine seized from the vehicle and ordered the forfeiture of his vehicle pursuant to OCGA § 16-13-49.

1. On appeal, Turner argues that the trial court erred in denying his objection to the State's cross-examination. Without citing any specific testimony, Turner argues that "[t]he truth was not sought or obtained" and that "a shameful, unjust, and unfair trial is apparent." We disagree. The transcript of the cross-examination of Turner is only eight pages, much of which contains lengthy objections by Turner's counsel, and we see no evidence in this short examination that the witness was in any way bullied or harassed, as asserted by Turner. Accordingly, the trial court did not abuse its discretion in allowing the cross-examination.[4]

2. Turner also asserts that the trial court erred in denying his motion to suppress the cocaine found in his vehicle because the officer's search was pretextual. The court found that the initial stop of the vehicle was authorized based on the traffic violations. We agree. A suppression motion arguing that a traffic stop was pretextual necessarily fails where an officer observes the motorist committing even a minor traffic violation.[5] Here, Officer Woody testified that Turner had failed to use his turn signal and was weaving prior to the stop. Officer Woody also testified that, given the weaving, he was concerned that Turner might have been drinking. Although Turner denied weaving, the trial judge found that the testimony of the

---

[4] *Andrews v. State*, 156 Ga. App. 734, 736 (8) (275 SE2d 782) (1980).
[5] *Stearnes v. State*, 261 Ga. App. 522, 524 (2) (583 SE2d 195) (2003).

officers was more credible than Turner's. Given the trial court's factual findings, we conclude that the stop was not pretextual and that the trial court did not err in denying Turner's motion to suppress.

3. Turner also argues that there was insufficient evidence to prove the weight and purity of the cocaine, as required by OCGA § 16-13-49 (e) (2). This section states that a violation involving less than one gram of a "mixture" containing cocaine does not subject property to forfeiture. As to Turner's argument regarding weight, the State's expert testified that there were 1.2 grams of cocaine. This evidence is sufficient to support the trial judge's finding that more than one gram of cocaine was involved in this case. As to his argument regarding purity, a showing of purity is not required under OCGA § 16-13-49 (e) (2), which specifically references "mixture."

4. Finally, Turner argues that there was insufficient evidence to prove venue. Pursuant to OCGA § 16-13-49 (c) (2), venue is proper in any county where the property is located or will be during the pendency of the action. Officer Woody testified that the vehicle was in the custody of the Lowndes County Sheriff's Department in Lowndes County. This is sufficient evidence of venue pursuant to OCGA § 16-13-49 (c) (2).

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JANUARY 7, 2004.

*Edith M. Edwards*, for appellant.
*Thurbert E. Baker, Attorney General, Richard E. Thomas*, for appellee.