A07A0785. GRAVLEY v. STATE OF GEORGIA.
(647 SE2d 372)

ELLINGTON, Judge.

Michael Gravley appeals from two orders of the Superior Court of Gilmer County, the final judgment condemning $15,402 in currency and the order dismissing his answer as insufficient under OCGA § 16-13-49 (o) (3). Gravley contends both orders are void because venue in Gilmer County was improper. He also contends the court erred in dismissing his answer. Finding no error, we affirm.

On April 14, 2006, the police searched Gravley's Gilmer County home pursuant to a warrant and found marijuana and $15,402 in cash. On April 28, 2006, the State filed a complaint for forfeiture in rem. According to the complaint, the currency was on deposit in a Pickens County bank. After service was finally perfected, Gravley timely filed an answer on August 16, 2006. On August 25, 2006, the State moved to dismiss the answer as insufficient under OCGA § 16-13-49 (o) (3),[1] and sought the entry of a final judgment pursuant to OCGA § 16-13-49 (o) (4).[2] On September 19, 2006, Gravley filed an amended answer setting out more specifically the nature of his interest in the currency seized. On September 22, 2006, the court entered an order dismissing Gravley's answer and a separate order entering a final judgment of condemnation and distribution.

1. Gravley contends both orders of the Superior Court of Gilmer County are void because venue[3] was improper there. We do not reach the merits of Gravley's venue argument, however, because Gravley did not raise the defense of improper venue in his responsive pleadings, resulting in its waiver.

Although the statute governing forfeitures is in the criminal code, a "forfeiture action is a civil proceeding." (Citations, punctuation and emphasis omitted.) *Bettis v. State of Ga.*, 228 Ga. App. 120, 121 (491 SE2d 155) (1997). OCGA § 16-13-49 (o) (3) provides that an answer must not only comply with the in rem forfeiture rules, but with "the general rules applicable to an answer in civil actions." As we have held,

> the defense of improper venue may be waived "(i)f it is neither made by motion under (OCGA § 9-11-12) nor included in a responsive pleading, as originally filed." OCGA § 9-11-12 (h) (1) (B). OCGA § 9-11-12 (b) (3) requires that the defense of improper venue be asserted in the responsive pleading or made by written motion filed at or before the time of pleading.

---

[1] OCGA § 16-13-49 (o) (3) provides, in relevant part, that "[i]n addition to complying with the general rules applicable to an answer in civil actions, the answer must set forth: . . . The date, identity of transferor, and circumstances of the claimant's acquisition of the interest in the property."

[2] OCGA § 16-13-49 (o) (4) provides that if "at the expiration of [30 days after personal service or service by publication] no answer has been filed, the court shall order the disposition of the seized property as provided for in this Code section."

[3] "Pursuant to OCGA § 16-13-49 (c) (2), venue is proper in any county where the property is located or will be during the pendency of the action." *Turner v. State of Ga.*, 265 Ga. App. 40, 42 (4) (592 SE2d 864) (2004).

*Orkin Exterminating Co. v. Morrison*, 187 Ga. App. 780, 781-782 (3) (371 SE2d 407) (1988). Gravley did not assert a venue defense in his answer below, and his general denials are insufficient as a venue defense. As we have explained,

> [a]lthough there is no need for a defendant to set forth any evidence, or to expose its defense in detail, it is required that an answer contain a statement of facts sufficiently definite so that the plaintiffs will be informed of the defense they must be prepared to meet. While it is not necessary to set forth in a responsive pleading reasons why venue is improper, in order to assert the defense, a defendant must make reference to venue. A general denial is not an assertion.

(Citations, punctuation and emphasis omitted.) Id. at 782 (3). Consequently, because Gravley failed to assert timely the defense of improper venue, he waived that defense. Id.; OCGA § 9-11-12 (h). We find no error.

2. Gravley contends his answer as amended was legally sufficient and that the superior court erred in striking it. In his amended answer, Gravley contended the $15,402 constituted his savings, and that the currency, to the best of his knowledge, could be attributed to pay received from a number of employers from the 1990s to the present. Gravley failed, however, to specify the sums he received from each employer, the manner in which he was paid, and the dates he was paid. The court found that the answer failed to provide "any supportive factual information regarding the date, identity of the transferor and circumstances of the claimant's acquisition of the property as required by OCGA § 16-13-49 (o) (3) (D)."

> OCGA § 16-13-49 (o) (3) requires that an answer stating a claim to property subject to forfeiture satisfy not only the general pleading rules applicable to all civil actions, but must also specifically set forth the following: (C) The nature and extent of the claimant's interest in the property; (D) The date, identity of transferor, and circumstances of the claimant's acquisition of the interest in the property; (E) The specific provision of OCGA § 16-13-49 relied on in asserting that the property is not subject to forfeiture; and (F) All essential facts supporting each assertion.

(Citation and punctuation omitted.) *Knodel v. State of Ga.*, 222 Ga. App. 514, 515-516 (474 SE2d 700) (1996). See also *Tuggle v. State of Ga.*, 224 Ga. App. 353, 354 (1) (480 SE2d 353) (1997).

With respect to claims for currency allegedly received as pay, we have held that the response must give sufficient details, such as identifying each employer, the dates worked, the amounts received from each employer, the nature of the claimant's duties, or any other similar information, to "assure some degree of legitimacy to the claim and to elicit supportive factual information so as to expedite the proceeding." (Citations and punctuation omitted.) *Tuggle v. State of Ga.*, 224 Ga. App. at 355 (1). See, e.g., *Dearing v. State of Ga.*, 243 Ga. App. 198, 202-203 (2) (532 SE2d 751) (2000) (answer omitting dates worked and specifics regarding the method of payment held deficient); *State of Ga. v. Miller*, 234 Ga. App. 650, 651 (507 SE2d 521) (1998) (answer setting forth claim to money earned from taxicab service on specific date, which did not identify the transferors by name and did not list the amounts allegedly obtained from each, was deficient) (overruled on other grounds, *Dearing v. State of Ga.*, 243 Ga. App. at 201 (1)).

Because Gravley's answer as amended failed to satisfy the requirements of OCGA § 16-13-49 (o) (3), the superior court did not err in dismissing it. We find no error.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JUNE 5, 2007.

*George W. Weaver, Barbara A. Sosebee*, for appellant.

*Joe W. Hendricks, Jr., District Attorney, Jodi A. Spiegel, Assistant District Attorney*, for appellee.