[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12633
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-01951-PGB-GJK

JAMES E. BAUMANN,
DEBORA K. BAUMANN,

                                        Plaintiffs-Appellants,

versus

BANK OF AMERICA, N.A.,

                                        Defendant,

QUARLES & BRADY LLP,
PROBER & RAPHAEL,
a law corporation,
MARINOSCI LAW GROUP, PC,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 11, 2018)

Before MARTIN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Pro se Plaintiffs-Appellants James Baumann and Debora Baumann appeal from the district court's order granting in part and denying in part the motions to dismiss filed by Defendants-Appellees Quarles & Brady LLP (Quarles) and Marinosci Law Group, PC (Marinosci).  The Baumanns also appeal the district court's order and judgment in connection with their motion for a default judgement against Defendant-Appellee Prober & Raphael (Prober).[1]  With respect to the dismissals granted to Quarles and Marinosci, the Baumanns contend the district court erred by:  (1) failing to apply the proper standard of review[2]; (2) presuming Quarles and Marinosci had "standing" to challenge the alleged rescission of their mortgages; (3) failing to apply Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, provisions concerning challenges to rescission; (4) dismissing the Baumanns' otherwise legally sufficient complaint; and (5) denying leave to amend the Baumanns' rescission-based claims.  The Baumanns further contend the district

---

[1] Prober did not appear before the district court and has not entered an appearance in this appeal.

[2] The Baumanns enumerate nine issues on appeal.  Although each has been considered, some are redundant and have been grouped together for purposes of clarity.  Arguments falling under the broader category of challenges to the standard of review applied by the district court include contentions that the district court:  (1) reviewed the Baumanns' pro se pleading under the same standard as one drafted by an attorney; (2) failed to consider the entirety of the pleadings and attachments; (3) failed to accept the Baumanns' factual allegations as true; and (4) considered facts outside the pleadings.

2

court erred by granting James Baumann damages of only $4,000 in connection with his default judgment against Prober and by dismissing Debora Baumann's claims against Prober altogether.  After review, we affirm in part, vacate in part, and remand for further proceedings.

## I.  DISCUSSION

*A. Challenges to the Standard of Review Applied by the District Court*[3]

The Baumanns contend the district court misapplied the standard for reviewing their pro se complaint.  Their arguments on this issue are based largely on a flawed understanding of the applicable legal principles.  For example, the Baumanns conflate legal conclusions with factual allegations.  Specifically, they contend:

> The Amended Complaint alleges in Count I and II, a material fact that the transaction was NOT consummated.  Had the court below accepted the alleged material fact as true, as it must for the purposes of testing the legal sufficiency and reviewing a motion to dismiss, it would have necessarily reached an opposite conclusion.

That is incorrect[4]—whether a transaction was "consummated" for purposes of TILA is a *legal conclusion* which, in turn, is based on certain factual and

---

[3] We review de novo a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), accepting as true all factual allegations in the complaint and considering them in the light most favorable to the plaintiff.  *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011).

[4] For purposes of this discussion, we need not address the apparent contradiction in the Baumanns' argument:  if the agreement were never consummated, there would be nothing to rescind under TILA.

legal predicates.  The district court was not obligated to accept as true the Baumanns' legal conclusion that the transactions were not consummated. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

"Consummation" is defined for purposes of TILA as "the time that a consumer becomes contractually obligated on a credit transaction."  12 C.F.R. § 1026.2(a)(13).  We have held, consistent with the conclusion reached by at least two of our sister circuits, that a transaction is "consummated" for purposes of TILA when the consumer signs the underlying credit documentation.  *See Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060, 1068 (11th Cir. 2004) ("Bragg's signature on these documents rendered him contractually obligated to the purchase of credit and thus constituted consummation for purposes of TILA disclosures."); *accord Lea v. Buy Direct, L.L.C.*, 755 F.3d 250, 253 (5th Cir. 2014) ("The agreement was consummated when the Leas signed the Membership Agreement, Retail Installment Contract, and Payment Agreement and paid the first $100 of their down payment."); *United States v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009) ("'[C]onsummation' occurs when a borrower signs the loan documents and becomes obligated to pay . . . .").

4

As the district court correctly noted, the Baumanns signed the mortgages at issue in 2005, and the documents attached to the Baumanns' amended complaint verify that fact. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls."). Thus, the district court did not err by concluding the transactions at issue were consummated for purposes of TILA in 2005, and the Baumanns' right to rescind under TILA expired (at the latest) in 2008. *See* 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . .").

This determination is not altered by the amended complaint's conclusory allegation that the transactions were never consummated because of unspecified "predatory lending practices," "illegal and unfair business practices[,] and fraud." The Baumanns cite no authority suggesting that unfair or predatory lending practices would prevent contract formation. Indeed, even if it were assumed the Baumanns were fraudulently induced to enter the mortgage transactions, the mortgages would have been merely *voidable* by the Baumanns. *See Solymar Invs., Ltd. v. Banco Santander S.A.*, 672 F.3d 981, 994 n.13 (11th Cir. 2012) ("[A] successful claim for fraud in the inducement only makes the underlying contract

5

voidable."); *Fed. Sav. & Loan Ins. Corp. v. Gordy*, 928 F.2d 1558, 1565 (11th Cir. 1991) ("Fraud in the inducement, which does not go to the very essence of the agreement but rather merely induces the party to enter the agreement, would . . . render the instrument merely voidable and thus capable of transfer."); *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 So.2d 306, 313 (Fla. 2000) ("It is axiomatic that fraudulent inducement renders a contract voidable, not void."). Thus, the mortgages would have been valid until voided by the Baumanns, which means the mortgages were valid when the three-year period for seeking rescission under TILA expired.

The Baumanns' other conclusory assertions—that the district court went outside the pleadings to draw its conclusions,  failed to liberally construe their pro se pleading, and failed to consider the effect of the recorded satisfaction of mortgage—are likewise contradicted by the record. The Baumanns do not explain which facts or documents the district court considered outside the amended complaint and its attachments, and our review of the district court's opinion does not reveal any. The district court also expressly acknowledged its duty to liberally construe the Baumanns' complaint, and the mere fact the district court concluded (correctly) that the Baumanns had no statutory right to rescind their mortgage transactions does not mean the district court reviewed their pro se complaint under a more stringent standard. Further, the district court allowed the Baumanns'

6

claims to go forward against Defendant Bank of America, N.A. (BANA) based on the recorded satisfaction of mortgage, which demonstrates it did not fail to consider that document.

To the extent the Baumanns contend the satisfaction of mortgage issued by BANA alters the analysis of their rescission rights under TILA, they are incorrect. After 2008, the Baumanns had no statutory right to rescind their mortgages under TILA, and there was nothing either the Baumanns or BANA could do to change that. Whether BANA at some point believed (incorrectly) the mortgage was rescinded under TILA is irrelevant to determining whether the rescission was, in fact, effective under TILA. And it cannot reasonably be inferred, as the Baumanns suggest, that BANA provided a satisfaction of mortgage because consummation never occurred—the documents attached to the Baumanns' amended complaint contradict that assertion.

Finally, to the extent the Baumanns contend the rescissions were valid because BANA failed to file a lawsuit challenging the rescission within twenty days, that contention also lacks merit. As discussed above, the Baumanns had no statutory right to rescind the agreements after 2008. Under the facts of this case, where the rescissions were not attempted until well after TILA's three-year period for rescinding transactions had expired, it does not matter whether BANA filed a lawsuit challenging the rescissions—the notices of rescission were ineffective at

7

the time they were sent.  *See Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (stating that 15 U.S.C. § 1635(a) "govern[s] the life of the underlying right" and "tells us *when* the right to rescind *must* be exercised," before concluding that "so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely" (alteration and first emphasis in original)).  If the Baumanns had provided a notice of intent to rescind within the time permitted by the statute, their argument based on BANA's failure to timely challenge the rescission might have more force.  But they did not timely provide such notice, and their argument fails for that reason.

*B. Standing to Object to Rescission*

Next, the Baumanns argue the district court erred by presuming Quarles and Marinosci had "standing" to challenge the purported rescissions.  Although their argument on this point is unclear, the Baumanns appear to suggest that only BANA (as a party to the mortgage agreements) had standing to contest the validity of the purported rescissions; thus, Quarles and Marinosci should have been barred from asserting invalidity as a defense to the Baumanns' claims.  This argument also lacks merit.

As an initial matter, Quarles did not question the validity of the rescission in its motion to dismiss, so the Baumanns' argument does not apply to Quarles.  Further, BANA challenged the validity of the rescissions.  So even crediting the

8

Baumanns' theory of "standing," the issue was properly before the district court, and the district court was free to allow its determination on that issue to influence its resolution of the Baumanns' claims against other defendants.  Finally, even if it would have been improper for Marinosci to object to the Baumanns' alleged rescission in other contexts, its challenge in this case was proper.  The Baumanns sued Marinosci, alleging it knew or should have known the Baumanns' debt was invalid.  Their basis for that claim, in part, was Marinosci's alleged knowledge of a valid rescission under TILA.  Thus, Marinosci was entitled to defend against the Baumanns' claims by denying it knew or should have known of a valid rescission—which it did by arguing the purported rescission was invalid as a matter of law.  The district court did not err by considering that argument.

*C. Denial of Leave to Amend Rescission-Based Claims*[5]

To the extent the Baumanns' claims are based on TILA's rescission provisions, they fail as a matter of law, and there are no facts the Baumanns can allege in good faith to state a valid claim.  Thus, the district court did not abuse its discretion by denying leave to amend the Baumanns' rescission-based claims. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating a district court need not allow amendment where amendment would be futile).

---

[5] A district court's decision to deny a request for leave to amend is reviewed for abuse of discretion. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).  We review de novo a district court's determination that amendment would be futile. *Id.*

9

*D. Other Grounds for Dismissal*

Construing the Baumanns' appeal liberally, the Baumanns also object to the district court's dismissal of their claims against Quarles and Marinosci to the extent those dismissals were based on grounds other than invalidity of the rescissions under TILA. With respect to Quarles, the district court correctly noted that the extent of Quarles's alleged involvement in violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §§ 559.55 *et seq.*, was limited to its representation of BANA in state-court litigation *filed by the Baumanns*.

Even if we assume an argument made solely in response to litigation filed by a consumer can be construed as an unlawful attempt to collect a debt from that consumer, the district court correctly determined the Baumanns' amended complaint fails to allege facts raising a right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, it did not err by dismissing the Baumanns' claims against Quarles without prejudice. And because the Baumanns declined to timely amend their complaint to allege additional facts concerning Quarles's alleged unlawful collection practices (despite being given leave and a deadline to do so), the district court did not abuse its discretion by subsequently dismissing the Baumanns' claims against Quarles with prejudice.

10

*See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by*

*Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)

(en banc) (holding that a pro se plaintiff must generally be given one chance to

amend before a complaint is dismissed with prejudice).

The dismissal of the Baumanns' claims against Marinosci, however, was

based on a determination that the Baumanns "essentially allege[d] that BANA and

Marinosci violated [the FDCPA and FCCPA] by collecting or attempting to collect

on a mortgage obligation which was rescinded under TILA." Although that was

certainly a large part of what the Baumanns alleged against Marinosci, the

amended complaint alleged more:

> The facts are clear and undisputed that Defendant [BANA] and
> Plaintiff entered in to a settlement agreement which Plaintiff did not
> breach. . . . The actions of Defendant [BANA] and MARINOSCI that
> violated federal law include but [are not] limited to . . . [f]iling
> documents in the courts claiming to have been owed an amount that
> far exceeds *the settlement amount* and threaten[ing] to foreclose on
> the Executive property *when Plaintiff fully complied with the*
> *settlement agreement*.

The amended complaint further alleges that BANA and Marinosci "file[d] false

proofs of claims in federal courts in an attempt to collect a debt that Defendants

[BANA] through MARINOSCI knew or should have known cannot be legally

collected."

It is difficult to reconcile the district court's conclusion that Marinosci could

not have violated the FDCPA and FCCPA by attempting to collect a debt from

11

James Baumann with its conclusions elsewhere in its opinion.   Specifically, the district court determined that the Baumanns' FDCPA and FCCPA claims could move forward against BANA as to one of the two mortgages, based on allegations that BANA sought to collect on the purportedly satisfied mortgage in James Baumann's bankruptcy proceedings.  *See* Dist. Ct. Op. at 7 ("[T]he filing of an unenforceable proof of claim in a bankruptcy proceeding constitutes an unlawful debt collection practice." (citing *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259–61 (11th Cir. 2014)).  It then determined that the Baumanns had sufficiently alleged a claim against BANA for breaching the parties' purported settlement agreement by filing an inflated proof of claim in James Baumann's bankruptcy proceedings.  *See id.* at 8.[6]

It is unclear, then, why the Baumanns' allegation that BANA and Marinosci violated the FDCPA and FCCPA by filing a proof of claim in an "amount that far exceeds the settlement amount" would not similarly state a plausible claim.  The district court never addressed that issue, however, because it apparently concluded the Baumanns' claims against Marinosci were based entirely on the ineffective rescission.  We therefore vacate in part the dismissal of the Baumanns' claims

---

[6] We note that Debora Baumann is not a party to the mortgage or purported settlement agreement at issue in the claims against Marinosci.  Thus, the district court's reasoning in denying Debora Baumann's claims for a default judgment against Prober may also apply to Marinosci—at least to the extent her claims are premised on a proof of claim filed in James Baumann's bankruptcy.  Nevertheless, because the district court did not reach this issue, we leave it to the district court to determine on remand the extent to which Debora Baumann has stated a claim against Marinosci.

against Marinosci and remand so the district court may address the viability of the settlement-based claims in the first instance.[7]

*E. District Court's Rulings on the Baumanns' Motion for Default Judgment*[8]

Finally, the Baumanns claim the district court erred by awarding James Baumann only $4,000 in damages in connection with his default judgment against Prober. They also argue the district court erred by dismissing Debora Baumann's claims against Prober altogether.

We agree with the district court that Debora Baumann cannot state a claim based solely on Prober's filing a false claim in James Baumann's individual bankruptcy proceedings. We therefore affirm the district court's judgment in that respect.

Nevertheless, we have held that damages for a default judgment may not be entered without an evidentiary hearing "unless the amount claimed is a liquidated

---

[7] At this point, we do not express an opinion on whether Marinosci's conduct would ultimately be actionable under the FDCPA or FCCPA. *See Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1307 (11th Cir. 2015) ("It is not enough to allege that Appellant believed that he was entitled to the 'head of family' exemption and that Appellees inconveniently and disappointingly disagreed. It would be passing odd to find that allegations that a state court filing asserted a legal position contrary to that of the consumer were sufficient to state a claim under § 1692e [of the FDCPA]. Without more, we will not limit a debt-collector attorney's ability to engage in conduct inherent to the adversarial process . . . ." (citations omitted)).

[8] We review a district court's award of damages under a clearly erroneous standard. *Long ex rel. Meader v. United States*, 881 F.2d 1056, 1060 (11th Cir. 1989). A district court's decision not to hold an evidentiary hearing before awarding damages in a default judgment is reviewed for abuse of discretion. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1230 (11th Cir. 2005).

13

sum or one capable of mathematical calculation."[9]  The amount of statutory damages to which James Baumann was entitled is capable of mathematical calculation, but James Baumann also sought greater compensatory damages.  And although the district court correctly noted the Baumanns' motion failed to sufficiently prove either the existence or amount of those actual damages, the proper course was to hold an evidentiary hearing at which James Baumann could endeavor to meet his burden of proof.  We therefore conclude the district court abused its discretion by disregarding James Baumann's claim for actual damages and entering a default judgment without providing Baumann an opportunity to prove his damages at an evidentiary hearing.  Accordingly, we vacate the final default judgment entered against Prober.[10]

## II. CONCLUSION

We affirm the district court's orders dismissing the Baumanns' claims against Quarles, as well as its order dismissing all claims based on the ineffective rescission.  We vacate the district court's dismissal of the Baumanns' claims

---

[9] *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) ("The district court may forego a hearing where all essential evidence is already of record." (quotation omitted)); *Smyth*, 420 F.3d at 1230–31 (noting that basic notions of due process generally require the district court to provide a hearing to determine the amount of damages unless the amount of damages is uncontested or otherwise involves a sum certain).

[10] We do not suggest the district court clearly erred by limiting punitive damages to $2,000.  Nevertheless, the district court is free on remand to revisit the issue of punitive damages in light of any evidence produced at the damages hearing.

against Marinosci, to the extent those claims are based on attempts to collect amounts in excess of the parties' alleged settlement agreement.  We further vacate the default judgment issued against Prober, and we remand to the district court for further proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**