### A02A0841. KWICKIE/FLASH FOODS, INC. v. LAKESIDE PETROLEUM, INC.
(568 SE2d 816)

MIKELL, Judge.

Kwickie/Flash Foods, Inc. appeals the award of $4,680 in attorney fees to Lakeside Petroleum, Inc. in this breach of contract action. Because no expert testimony was offered as to the reasonableness of

---

the fees, we vacate the award and remand for a hearing on that issue.

Lakeside's breach of contract action was tried before the court sitting without a jury. The undisputed evidence showed that Kwickie operated a convenience store on premises which it leased from Lakeside, a distributor of petroleum products. The term of the lease extended from May 1, 1987, through April 30, 2002.

Sometime during the night on June 1, 1999, Kwickie abandoned the premises. Lakeside's president, Larry Jack Dennis, testified that when he arrived at the store at 7:30 the following morning, "the store was empty, trashed, and all the equipment removed, including equipment owned by Lakeside Petroleum." A day or two later, Dennis received a letter from Kwickie, stating that it had terminated the parties' agreements. These included the lease and a sales and marketing agreement, which governed Kwickie's purchase of petroleum products from Lakeside.

It was undisputed that the lease required Kwickie to give 90 days notice of termination and that Kwickie provided no notice whatsoever. At trial, Kwickie stipulated that it owed Lakeside $2,000 in back rent plus $13,632.20 for certain petroleum products. The only amount in controversy was $7,665.22, the value of fuel left by Kwickie in the underground tanks when it abandoned the premises.

At the conclusion of the bench trial, the court found that during May 1999, Lakeside delivered Kwickie gasoline worth $21,297.42, for which Kwickie did not pay; that when Kwickie abandoned the premises, it left gasoline worth $7,665.22 in the underground tanks; and that Lakeside secured a new tenant who paid for the gasoline. The court concluded that under OCGA § 11-2-709 (2), Lakeside was required to credit Kwickie for the $7,665.22 received by the new tenant. Therefore, the trial court awarded Lakeside the amount the parties had stipulated was owed, $13,632.20, plus $2,167.66 in interest. In addition, the court found that Kwickie had acted in bad faith, had been stubbornly litigious, and had caused Lakeside unnecessary trouble and expense in litigating the action, given that most of the amount in question was undisputed. The court thus awarded Lakeside $4,680 in attorney fees under OCGA § 13-6-11.

1. Kwickie contends that Lakeside failed to establish the necessary criteria to support an award of fees under OCGA § 13-6-11. We disagree.

OCGA § 13-6-11 allows the trier of fact to award attorney fees where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. Moreover, an award of attorney fees under this Code section

will be upheld if there is any evidence to support it.[1] In the instant case, there is evidence supporting the court's finding that Kwickie acted in bad faith. "Bad faith warranting an award of attorney fees must have arisen out of the transaction on which the cause of action is predicated. It may be found in defendant's carrying out the provisions of the contract, that is, in how defendant acted in his dealing with the plaintiff."[2] Here, undisputed evidence introduced at trial shows that Kwickie violated its lease by abandoning the premises in the middle of the night and leaving the store in a disheveled mess. Photographs show trash, cans of paint, debris, and shelving strewn about and littering the floor. This provides some evidence of bad faith.

2. However, insufficient evidence was offered to support the amount of the fees awarded. "An award of attorney fees is unauthorized if appellee failed to prove the actual costs of the attorney and the reasonableness of those costs."[3] Although Lakeside presented sufficient evidence of the actual costs of its attorney, no testimony was offered as to the reasonableness of those fees. Moreover, the affidavit submitted by Lakeside's counsel does not suffice to establish the reasonableness of its attorney fees. "[A] party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services."[4] Defense counsel should have been given an opportunity to cross-examine Lakeside's attorney on the amount and reasonableness of the fees and costs requested.[5] Because Kwickie was denied this opportunity, we vacate that portion of the judgment awarding Lakeside $4,680 in attorney fees and remand the case to the trial court to hold an evidentiary hearing on the amount of the fees.[6]

*Judgment vacated and case remanded. Andrews, P. J., and Phipps, J., concur.*

---

[1] *Shepherd v. Aaron Rents, Inc.*, 208 Ga. App. 139, 143 (4) (430 SE2d 67) (1993).

[2] (Citation and punctuation omitted.) *Wheat Enterprises v. Redi-Floors*, 231 Ga. App. 853, 857 (1) (c) (501 SE2d 30) (1998). See also *Stargate Software Intl. v. Rumph*, 224 Ga. App. 873, 878 (4) (482 SE2d 498) (1997) (bad faith is a jury question, to be determined from consideration of the facts and circumstances in the case).

[3] (Punctuation and footnote omitted.) *Cannon Air Transport Svcs. v. Stevens Aviation*, 249 Ga. App. 514, 519 (6) (548 SE2d 485) (2001).

[4] (Citations and punctuation omitted.) *C. A. Gaslowitz & Assoc. v. ZML Promenade*, 230 Ga. App. 405, 406 (496 SE2d 470) (1998).

[5] See *Greer v. Davis*, 244 Ga. App. 317, 321 (4) (534 SE2d 853) (2000).

[6] See *Cannon Air Transport Svcs. v. Stevens Aviation*, supra.

Decided July 16, 2002.

*Gibson & Spivey, Douglas L. Gibson*, for appellant.
*Robert D. Schoen*, for appellee.