[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11889
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-03287-ELR


IRINA GIOVANNO,
ANDREY SHUMILOV,

Plaintiffs-Appellees,

versus

LOUIS FABEC,
LALO SCROLLING MEDIA, LLC,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 6, 2015)

Before ED CARNES, Chief Judge, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Louis Fabec and Lalo Scrolling Media, LLC (Lalo)[1] appeal the district court's grant of default judgment against them in Irina Giovanno and Andrey Shumilov's lawsuit for breach of contract, conversion, unjust enrichment, and related claims.  Fabec first contends that the district court lacked subject matter jurisdiction because the plaintiffs failed to satisfy the amount in controversy requirement.  He next contends that if the court did have jurisdiction, it abused its discretion in granting default judgment against him.  Finally, he contends that the district court erred by failing to hold a hearing on damages and attorney's fees.[2]

I.

In April 2010 Fabec, a resident of the State of Georgia, promised to sell and ship a car to the plaintiffs, who are both residents of Spain.  The plaintiffs agreed to wire the $34,000 purchase price to Fabec's bank account.  While the plaintiffs fulfilled their end of the bargain, Fabec never sent the car.  When the plaintiffs demanded their money back, Fabec refused.

In October 2010 the plaintiffs filed a lawsuit against Fabec seeking damages for breach of contract, conversion, unjust enrichment, and other claims.  The case

---

[1] The district court found that Fabec was the alter ego of Lalo because he was the company's sole shareholder and controlled all of company's operations.  For the sake of simplicity, we will refer to the defendants collectively as "Fabec."

[2] Fabec also contends that the plaintiffs are not entitled to any attorney's fees because they did not specifically seek them under Ga. Code § 13-6-11, which was the basis for the district court's fee award.  As the plaintiffs correctly point out, they sought attorney's fees in their complaint and filed a proposed pretrial order, which included an attachment specifically demanding fees under § 13-6-11.

languished for nearly four years.  In December 2014 the district court set a status hearing for January 2015 with the hope of proceeding to trial in March 2015.  At the status hearing, defense counsel informed the court for the first time that she had been unable to locate or contact her client for over a year.  With the trial date looming, the court decided to hold a pretrial conference to determine whether Fabec would appear.  After consulting with counsel for both sides, the court set the pretrial conference for February 2015 and later ordered Fabec to appear there.  Citing Local Rule 16.5, the order explicitly warned that Fabec's "[f]ailure to appear will be considered a failure to comply with the court's pretrial instructions, and it will result in an entry of a default judgment against [him]."  The order also explained that "[d]efense counsel's presence will not satisfy this order."

Fabec failed to appear at the pretrial conference.  Defense counsel, who was present, informed the court that she had located Fabec, but that his work schedule did not permit him to attend the conference.  She did not offer any proof of Fabec's inability to attend.  In light of Fabec's absence and at the court's direction, the clerk of court entered a default against Fabec.  The plaintiffs then moved for default judgment seeking, among other things, damages, pre- and post-judgment interest, and attorney's fees.  In response, Fabec argued that default judgment was inappropriate and that he was entitled to a hearing on damages and attorney's fees.  Without a hearing, the district court granted the plaintiffs' motion for default

3

judgment and awarded the plaintiffs total damages of $34,000,[3] plus pre- and post-judgment interest, and an attorney's fee award of $43,500.  This is Fabec's appeal.

## II.

Fabec first contends that the district court lacked subject matter jurisdiction because plaintiffs failed to satisfy 28 U.S.C. § 1332(a)'s amount in controversy requirement.  We review de novo issues of subject matter jurisdiction.  Yunker v. Allianceone Receivables Mgmt., Inc., 701 F.3d 369, 372 n.2 (11th Cir. 2012).  To satisfy the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a), "a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000."  Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).  "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith."  Id.

Fabec argues that the complaint stated a claim for only $34,000, the amount Fabec allegedly converted.  That argument has no merit.  The plaintiffs' Second Amended Complaint expressly alleged that "the amount in controversy is in excess of $75,000."[4]  The complaint then asserted various causes of action and claimed damages that, in the aggregate, were greater than $75,000.  That was all the

---

[3] More precisely, the district court modified a previous partial summary judgment award, by reducing that award to $23,574, and then awarded the difference between the purchase price ($34,000) and the partial summary judgment award ($23,574), which was $10,426.

[4] The Second Amended Complaint is the operative one in this case, and for brevity we will refer to it in the rest of this opinion as "the complaint."

plaintiffs were required to do to satisfy the jurisdictional minimum. Fabec does not argue — and the record does not suggest — that the plaintiffs claimed those amounts in bad faith. The plaintiffs satisfied the amount in controversy requirement and the district court had subject matter jurisdiction.

III.

Fabec next contends that the district court erred when it granted default judgment against him. "We review the district court's grant of default judgment for abuse of discretion." Sanderford v. Prudential Ins. Co. of Am., 902 F.2d 897, 898 (11th Cir. 1990). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244 (11th Cir. 2015) (quotation marks omitted).

In granting default judgment against Fabec, the district court relied on its Local Rule 16.5. Like its counterpart in the Federal Rules of Civil Procedure, Local Rule 16.5 permits the court to impose sanctions, including the entry of a default judgment, when a party fails "to comply with the court's pretrial instructions." Local Rule 16.5; see also Fed. R. Civ. P. 16(f). The district court enjoys "discretion to decide if there is a pattern of delay or a deliberate refusal to

5

comply with court orders or directions that justifies a sanction." United States v. Samaniego, 345 F.3d 1280, 1284 (11th Cir. 2003).

The district court had ample reason to enter a default judgment against Fabec. By his own counsel's representation, Fabec did not contact his attorney or otherwise participate in this case for over a year. The court ordered Fabec to appear at the pretrial conference and expressly warned that his failure to appear would result in an entry of a default judgment against him. Despite that warning, Fabec failed to appear, failed to give advance notice that he would not appear, and failed to offer any evidence to explain his absence. Under those circumstances, the district court acted well within its discretion in concluding that Fabec's noncompliance with the court's pretrial instructions justified the entry of a default judgment.[5]

## IV.

Fabec finally contends that the district court erred when it failed to conduct a hearing on damages and attorney's fees. We review the decision whether to hold a hearing for abuse of discretion. See Anheuser Busch, Inc. v. Philpot, 317 F.3d

---

[5] Fabec also argues that the district court could not impose sanctions until it first found that he had acted in bad faith. That assertion is simply false. Although courts possess "the inherent power to impose sanctions for . . . bad-faith conduct," Chambers v. NASCO, Inc., 501 U.S. 32, 46, 111 S. Ct. 2123, 2134 (1991), nothing in the local or federal rules governing this case requires a district court to make a finding of bad faith before imposing sanctions, see Local Rule 16.5; Fed. R. Civ. P. 16(f).

1264, 1266 (11th Cir. 2003) (hearing on damages); Love v. Deal, 5 F.3d 1406, 1409 (11th Cir. 1993) (hearing on attorney's fees).

Federal Rule of Civil Procedure 55(b)(2) provides that when a district court enters a default judgment, "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B) (emphasis added). Given its permissive language, Rule 55(b)(2) does not require a damages hearing in every case. See SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). The district court may forego a hearing "where all essential evidence is already of record." Id. When a defendant defaults, he "admits the plaintiff's well-pleaded allegations of fact." Lary v. Trinity Physician Fin. & Ins. Servs., 780 F.3d 1101, 1106 (11th Cir. 2015) (quotation marks omitted).

After reviewing the parties' briefs and considering the evidence in the record, the district court expressly found that a hearing was not necessary to assess damages. The court awarded the plaintiffs $34,000 in damages plus pre- and post-judgment interest. It is not difficult to see how the court was able to assess those amounts without a hearing. The plaintiffs, in their complaint, alleged that Fabec wrongfully retained the $34,000 that they had wired to him. By his default, Fabec

admitted that allegation.  Given those simple facts, the court required no additional evidence to determine the amount of damages.[6]

The district court also awarded attorney's fees.  It relied on Ga. Code § 13-6-11, which permits an award of litigation expenses to a successful plaintiff "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."  A fee award under that statute "must be supported by evidence that the expenses were reasonable."  Eways v. Ga. R.R. Bank, 806 F.2d 991, 992 (11th Cir. 1986) (citing First Bank of Clayton Cty. v. Dollar, 285 S.E.2d 203, 205 (Ga. Ct. App. 1981)).

Georgia law requires a hearing if a court intends to award attorney's fees to a prevailing party.[7]  See Evers v. Evers, 587 S.E.2d 22, 23 (Ga. 2003) ("A hearing is required in order to enter an award of attorney['s] fees."); see also Rice v. Grubbs, 641 S.E.2d 514, 515 (Ga. 2007).  The "party opposing a claim for attorney['s] fees has a basic right to confront and challenge testimony as to the

---

[6] Fabec contends that a hearing was necessary to determine whether he was entitled to a setoff.  He asserts that in a separate criminal case against him in Georgia state court, the plaintiffs received approximately $20,000 in restitution.  He argues that the district court allowed the plaintiff to double recover by failing to offset the restitution against the damages award.  Fabec did not raise that issue in his response to the plaintiffs' motion for default judgment.  "This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court."  Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (quotation marks omitted).  We do not consider it.

[7] Fabec contends that Georgia law governs the district court's decision whether to hold a hearing on attorney's fees.  The plaintiffs do not argue to the contrary.  For that reason, and without deciding the issue, we accept for purposes of this case the parties' assumption that Georgia law does apply.

8

value and need for legal services." Kwickie/Flash Foods, Inc. v. Lakeside

Petroleum, Inc., 568 S.E.2d 816, 818 (Ga. Ct. App. 2002) (quotation marks

omitted). That basic right generally entitles a defendant to "an opportunity to

cross-examine [the plaintiff's] attorney on the amount and reasonableness of the

fees and costs requested." Id.

Here the plaintiffs submitted affidavits and billing statements from their

counsel to support their request for fees as part of their motion for default

judgment. Based on that evidence, and without holding a hearing, the district court

determined that the fees were reasonable. Fabec asserts, as he did in the district

court, that he was entitled to cross examine plaintiffs' counsel. We agree that is

true under Georgia law. Because Fabec was denied that opportunity, we reverse

that portion of the default judgment awarding plaintiffs $43,500 in attorney's fees

and remand the case to the district court to hold a hearing on the amount and

reasonableness of the fees.[8]

V.

The portion of the district court's judgment awarding attorney's fees is

**REVERSED**. The remainder of the district court's judgment is **AFFIRMED**.

The case is **REMANDED** for further proceedings consistent with this opinion.

---

[8] We note, however, that a hearing on attorney's fees will inevitably increase the total number of hours of legal work involved in this case and the parties might want to consider the expediency of resolving their differences on this point without going through the time and expense of a hearing.

9