[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17008
_____

D.C. Docket No. 1:12-cv-02697-SCJ


JEMAL AHMED,

Plaintiff - Appellee,

versus

ELIAS KIFLE,
ETHIOPIAN REVIEW, INC.,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 19, 2018)

Before WILSON, and DUBINA, Circuit Judges and GOLDBERG,[*] Judge.

PER CURIAM:

Defendants/Appellants Ethiopian Review, Inc. ("ER") and Elias Kifle ("Kifle") appeal the district court's order reinstating a default judgment against ER and dismissing Kifle from the case. For the reasons that follow, we affirm.

## I.    BACKGROUND

This case arises out of the publication by Kifle and ER of allegedly false and defamatory statements that Appellee Jemal Ahmed ("Ahmed"), a private business man, runs a vast human trafficking operation. According to a March 2012 post on ER's website, this illegal scheme allegedly involves trafficking of underage girls to the Middle East where they are reportedly held against their will and subjected to horrific abuses. Immediately after learning of the publication, Ahmed advised Kifle that the statements were untrue and demanded that they be removed from the website. Kifle not only refused to do so, but further dared Ahmed to sue him and, thereafter, republished the article. Given the very serious nature of the charges and Kifle's refusal to remove the defamatory material, Ahmed filed a defamation suit against both Kifle and ER.

---

[*] Honorable Richard W. Goldberg, Judge for the United States Court of International Trade, sitting by designation.

After two years of court proceedings—which included ER's failure to appear and significant misconduct by Kifle—the case was litigated to a final judgment in the district court. After a default by Kifle and ER and a subsequent bench trial for damages, the district court entered an award for Ahmed of $428,910.00 for compensatory and punitive damages, costs and attorneys' fees, along with injunctive relief.

Approximately five months after the judgment had been entered, Kifle and ER moved to dismiss the case for lack of complete diversity between the parties. The district court granted that motion and vacated its previous judgment in Ahmed's favor. Ahmed appealed that order to our court and moved us to sever Kifle to preserve diversity jurisdiction, or, in the alternative, to remand to the district court to decide the still-pending motion to sever. We granted that motion and remanded the case to the district court. On remand, the district court granted Ahmed's motion and severed Kifle from the judgment, thus preserving diversity jurisdiction and reinstating the judgment as to ER. Kifle and ER then perfected this appeal.

## II.    ISSUE

Whether the district court erred in dismissing Kifle from the case to create subject-matter jurisdiction on the basis that Kifle was neither a required party nor

3

an indispensable party pursuant to Fed. R. Civ. P. 19 and thereby improperly reinstated the default judgment against ER.

## III.    STANDARD OF REVIEW

Both Fed. R. Civ. P. 19 and Fed. R. Civ. P. 21 determinations are reviewed for an abuse of discretion.  *See United States v. Rigel Ships Agencies, Inc.,* 432 F.3d 1282, 1291 (11th Cir. 2005); *Laker Airways, Inc. v. British Airways, PLC,* 182 F.3d 843, 847 (11th Cir. 1999); *Mann v. City of Albany*, 883 F.2d 999, 1003 (11th Cir. 1989); *Fritz v. Am. Home Shield Corp.,* 751 F.2d 1152, 1154 (11th Cir. 1985).

## IV.    DISCUSSION

First, we conclude that the district court correctly noted that by defaulting both ER and Kifle are deemed to have admitted the well-pled allegations in the complaint.  *See Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015).  This court has also recognized that a default judgment is a legitimate sanction for a party's repeated refusal to cooperate with court proceedings and to obey court orders, as was the case here.  *See African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1203 (11th Cir. 1999).

Contrary to Kifle and ER's claims, we conclude that the district court properly found that ER was co-responsible with Kifle for the posting of the

4

defamatory content in question.  That finding was based on evidence submitted by Ahmed from the website itself, which solicited donations to ER to be used in support of the website.  Kifle's belated self-serving affidavit claiming sole responsibility for the website cannot rebut the admission.  Moreover, the affidavit cannot evade the consequences of ER's failure to appear and the default judgment entered against it.

This appeal really turns on Kifle and ER's challenge of the district court's finding that Kifle is not a required party under Fed. R. Civ. P. 19(a).  Rule 19 presents "a two-part test for determining whether an action should proceed in a nonparty's absence."  *City of Marietta v. CSX Transp., Inc.,* 196 F.3d 1300, 1305 (11th Cir. 1999).  This court has held that the relevant inquiry, in the first step, "is whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations."  *Id.* (citing Fed. R. Civ. P. 19(a)(1)–(2)).  Because defendant ER was the corporate vehicle through which the website was funded and operated, we conclude that the district court correctly found that Kifle was not a required or indispensable party and thus could be severed under Rule 21 of the Federal Rules of Civil Procedure.  Indeed, complete relief in the form of money damages can be afforded to Ahmed from ER,

which was found jointly and severely liable for defamation in the district court. We also conclude that there has been no showing of prejudice to either Kifle or ER resulting from Kifle's severance.

In *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 109 S. Ct. 2218 (1989), the Supreme Court of the United States affirmed the court of appeals' dismissal of a non-diverse party, noting that "given that all of the [defendants] are jointly and severally liable, it cannot be argued that [one defendant] was indispensable to the suit." *Id.* at 838, 109 S. Ct. at 2226.

Accordingly, for all of the above reasons, we affirm the district court's order dismissing Kifle from this case and in its reinstatement of the judgment against ER.

**AFFIRMED.**