[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12889
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-00169-CG-B

NATIONAL LOAN ACQUISITIONS COMPANY,

Plaintiff - Appellee,

versus

PET FRIENDLY, INC.
n.k.a. Xena Express, Inc., et al.,

Defendants,

TERESA Y. WEINACKER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(August 8, 2018)

Before JORDAN, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Teresa Weinacker, proceeding *pro se*, appeals from the district court's denial of her Federal Rule of Civil Procedure 60(b) motion to vacate a default judgment the district court entered against her.  Weinacker argues the default judgment is void because the district court lacked personal jurisdiction and subject matter jurisdiction.  After careful review, we affirm the district court's denial of Weinacker's Rule 60(b) motion.

## I.    BACKGROUND

In 2009, National Loan Acquisitions Company ("National") filed a complaint against Weinacker, Charles Weinacker, Jr., and Xena Express, Inc., asserting a breach of contract claim based on a promissory note.  National filed a proof of service that each defendant had been personally served.  After the defendants failed to respond to the complaint, National moved for a default judgment.  In support of its motion, National submitted several documents, including affidavits, a copy of the promissory note, a copy of a commercial security agreement, and a copy of a foreclosure deed.  The district court granted the motion and entered a default judgment against all of the defendants.

National then moved for a writ of garnishment against Wal-Mart Stores, Inc., with whom it alleged Xena Express had been doing business.  The district

2

court initially granted the writ, but it subsequently entered an order stating the writ could not be enforced because Xena Express had filed for bankruptcy.[1]

In 2017, Weinacker moved to vacate the default judgment pursuant to Rule 60(b), arguing that it was invalid. A magistrate judge recommended that Weinacker's motion be denied. The district court adopted the magistrate's recommendation over Weinacker's objection, and Weinacker appealed.

## II.    STANDARD OF REVIEW

Although we generally review a district court's denial of a Rule 60(b) motion to set aside a default judgment under an abuse of discretion standard, we review *de novo* a Rule 60(b) challenge to a district court's failure to vacate a void judgment. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009).

## III.    DISCUSSION

The exclusive method for attacking a default judgment in the district court is by way of a Rule 60(b) motion. *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1507 (11th Cir. 1984). Rule 60(b)(4) "provides that a court may relieve a party from an order or final judgment that is void" where, for

---

[1] In 2012, Weinacker was indicted in the Southern District of Alabama with several fraud offenses stemming from Xena Express's bankruptcy proceeding. *See* Indictment, *United States v. Weinacker*, No. 1:12-cr-00168-AK-C (S.D. Ala. July 26, 2012). She later pled guilty to falsifying records in connection with a bankruptcy proceeding after she transferred funds from Xena Express to her personal bank accounts and failed to disclose those assets during Xena Express's bankruptcy proceedings. Plea Agreement, *Weinacker*, No. 1:12-cr-00168-AK-C (S.D. Ala. Oct. 17, 2012); *see* 18 U.S.C. § 1519.

3

example, the district court lacked subject matter jurisdiction or entered the order in a manner inconsistent with due process. *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1318-19 (11th Cir. 2001). Unlike other Rule 60(b) motions, motions filed pursuant to Rule 60(b)(4) need not be filed within one year of entry of the judgment being challenged. *See* Fed. R. Civ. P. 60(c)(1).

Weinacker makes three arguments that the district court erred in denying her Rule 60(b) motion to vacate the 2009 default judgment entered against her. First, she argues that the district court lacked personal jurisdiction over her. Second, she argues that the district court lacked subject matter jurisdiction to enter the default judgment against her. Third, she argues that the default judgment does not comport with due process of law because she was entitled to a hearing prior to the entry of default judgment. We address each of these arguments in turn.

Weinacker argues the district court lacked personal jurisdiction over her because she was never properly served. A court lacks personal jurisdiction when the defendant has not been served. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Objections to personal jurisdiction, however, are waived if a defendant fails to raise that objection in a timely manner. *Id.* In *Stansell v. Revolutionary Armed Forces of Colombia*, for example, we held that where a defendant "knowingly sat on his rights for nine months before filing anything at all with the district court, he waived his right to object to any defects in the service of

4

process."  771 F.3d 713, 737 (11th Cir. 2014); *see United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010) ("Rule 60(b)(4) does not provide a license for litigants to sleep on their rights.").

We reject Weinacker's argument the district court lacked personal jurisdiction over her for two reasons.  First, the record reflects that service of process was proper; National filed a proof of service stating that Weinacker was served on April 8, 2009.  Second, because National filed suit against Weinacker more than nine years ago, she has waived any challenge to personal jurisdiction by failing to raise a defect in service of process until now.  *See Stansell*, 771 F.3d at 737 (explaining that although jurisdictional defects are grounds for a Rule 60(b)(4) motion "there are limitations on this doctrine," because "objections to personal jurisdiction . . . are generally waivable." (internal quotation marks omitted)).  We note that Weinacker does not argue that she was unaware of the lawsuit against her until she filed the Rule 60(b) motion.  We thus reject her argument that the district court should have granted her Rule 60(b) motion on that basis.

Weinacker also argues that the district court lacked subject matter jurisdiction to enter the default judgment against her.  For a district court to have subject matter jurisdiction, a plaintiff must allege facts supporting "complete diversity; every plaintiff must be diverse from every defendant." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (internal quotation marks omitted).

If there is a deficiency in subject matter jurisdiction, district courts are constitutionally obligated to dismiss the action. *Id.* at 1269. National's complaint adequately alleged diversity; it stated that National was an Oregon corporation whose principal place of business was in Oregon, Xena Express's principal place of business was in Alabama, and Teresa and Charles Weinacker were citizens of Alabama.[2] Additionally, it stated the amount in controversy was greater than $75,000. *See* 28 U.S.C. § 1332. We thus reject her argument that subject matter jurisdiction was lacking.[3]

Finally, Weinacker argues the district court violated her due process rights by failing to hold a hearing prior to entering default judgment against her. Again, we disagree. First, the district court is not required to hold a hearing before entering a default judgment. Federal Rule of Civil Procedure 55(b)(2) provides that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it

---

[2] This Court issued the parties a jurisdictional question, asking whether Xena Express had sufficiently alleged the citizenship of Charles and Teresa Weinacker in its complaint. We issued an order construing Xena Express's response to that question as a motion to amend the complaint to correct any jurisdictional defect, granted the motion, and deemed the complaint as amended and sufficient to establish the district court's diversity-based subject matter jurisdiction over the case.

[3] In arguing subject matter jurisdiction was lacking, Weinacker contends the documents National submitted in moving for a default judgment were fraudulent. These arguments, though, are unrelated to the court's subject matter jurisdiction. Instead, they focus on "fraud . . . misrepresentation, or misconduct by an opposing party," which must be challenged through a Rule 60(b)(3) motion. Fed. R. Civ. P. 60(b)(3). Such a motion, however, must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Because more than nine years have passed since the entry of default judgment against Weinacker, we reject her arguments related to purportedly fraudulent documents.

needs to . . . determine the amount of damages." But "[g]iven its permissive language, Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015). The district court may forego a hearing, for example, "where all essential evidence is already of record." *Id.* (internal quotation marks omitted). Here, there was evidence in the record as to National's damages, including a copy of the promissory note. In any event, we have held a defendant who "knowingly sat on his rights for nine months before filing anything at all with the district court . . . waived his right to object to . . . any denial of his right to be heard." *Stansell*, 771 F.3d at 737. Similarly, here, by waiting more than nine years to argue that a hearing was required prior to the entry of default judgment, Weinacker has waived her right to object.

## IV.    CONCLUSION

For these reasons, we affirm the district court's order denying Weinacker's Rule 60(b) motion.

**AFFIRMED.**