[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12284

Non-Argument Calendar

_____

ROBERTS/ HEYWOOD PROPERTY,

Plaintiff,

JOSEPH ROBERTS,

Interested Party-Appellant,

*versus*

RAYONIER FOREST RESOURCES, LP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:24-cv-00003-LGW-BWC

_____

Before JORDAN, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Joseph Roberts appeals the dismissal of his complaint, alleging wrongful removal of timber, for lack of federal subject-matter jurisdiction.  After careful review, we affirm.

Roberts, a property owner in McIntosh County, Georgia, filed a *pro se* complaint in federal court against Rayionier Forest Resources for wrongful timber removal under Georgia Code § 51-12-50.  Roberts alleged that Rayionier, which had purchased adjacent property, clear cut timber on his land and destroyed fencing and other belongings at the boundary.  He sought $40,000 in damages for the timber removal, destruction of property, and time Roberts spent researching records.  He also requested that Rayionier be ordered to "replace[] the concrete monument" it had removed.  Roberts attached supporting photographs to his complaint, including of the concrete boundary marker.

The district court granted Rayionier's motion to dismiss the complaint for lack of subject-matter jurisdiction, so it did not address the other grounds raised in that motion.  The court found that federal-question jurisdiction did not exist because Roberts raised only a state-law claim.  Nor was there diversity jurisdiction,

the court explained, because Roberts failed to satisfy the $75,000 amount-in-controversy requirement. The court accepted the complaint's allegation that Roberts sought only $40,000 in damages for the wrongful removal of timber and property damage. And "[u]sing its experience and common sense," the court found that the value of the concrete marker, for which Roberts sought injunctive relief in the form of replacement, did not make up the gap. Because the amount in controversy was insufficient, the court dismissed the complaint without prejudice for lack of jurisdiction.

"We review de novo a district court's determination of whether it has subject-matter jurisdiction." *Gupta v. McGahey*, 709 F.3d 1062, 1064–65 (11th Cir. 2013).

Federal district courts have "limited jurisdiction" and "may not exercise jurisdiction absent a statutory basis." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019). As relevant here, Congress granted federal courts jurisdiction over cases "arising under" federal law, 28 U.S.C. § 1331, and cases in which the amount in controversy exceeds $75,000 and the parties are of diverse citizenship, *id.* § 1332. *Home Depot*, 587 U.S. at 437. These jurisdictional grants are known as "federal-question" and "diversity" jurisdiction, respectively. *Id.* at 437–38. When a case falls outside the district court's jurisdiction, "it has no power to enter a judgment on the merits and must dismiss the action." *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003) (quotation marks omitted).

Here, the district court properly dismissed the action for lack of federal subject-matter jurisdiction. Federal-question jurisdiction was lacking because Roberts's claim for wrongful timber removal under O.C.G.A. § 51-12-50 arose solely under state law, not federal law. Roberts cites the Fourteenth Amendment's due-process and equal-protection guarantees on appeal, but he did not raise these claims below, and in any case, we see no indication that Rayionier was a state actor subject to suit on federal constitutional grounds. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of 42 U.S.C. § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."). Nor does anything in the Fourteenth Amendment protect the right to a federal forum "absent a statutory basis." *Home Depot*, 587 U.S. at 437.

Roberts also didn't allege a sufficient amount in controversy to invoke diversity jurisdiction. "To invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018). "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Giovanno v. Fabec*, 804 F.3d 1361, 1365 (11th Cir. 2015) (quotation marks omitted).

When a court reviews whether the complaint is sufficient to invoke its diversity jurisdiction, "it must accept the plaintiff's factual allegations." *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th

24-12284                Opinion of the Court                5

1309, 1312 (11th Cir. 2021).  The court can dismiss only if, accepting the allegations as true, "it is convinced to a legal certainty that the claims of the plaintiff in question will not exceed $75,000 (the current jurisdictional threshold)." *Id.*  But "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

We agree with the district court that Roberts's complaint did not meet federal jurisdictional requirements.  In the complaint, Roberts sought only $40,000 in damages, plus injunctive relief in the form of replacement of a concrete boundary marker.  The court reasonably found that the value of that injunctive relief was substantially less than $35,000, given the photographs Roberts provided.  *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) ("[T]he value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective.").  Thus, the complaint fails to show any viable grounds for concluding that the value of Roberts's claims, despite his own evaluation of damages, exceeds the $75,000 threshold.

For the first time on appeal, Roberts also includes a request for $50,000 in punitive damages.  Generally speaking, "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

But Roberts's new punitive damages request is insufficient for a few reasons.  To start, the complaint did not include a prayer for punitive damages, as Georgia law requires, so the issue was not properly before the district court.  *See* O.C.G.A. § 51-12-5.1(d)(1) ("An award of punitive damages must be specifically prayed for in a complaint."); *Broughton v. Fla. Int'l Underwriters, Inc.*, 139 F.3d 861, 863 (11th Cir. 1998) ("The determination of whether the requisite amount in controversy exists is a federal question; however, [s]tate law is relevant to this determination insofar as it defines the nature and extent of the right plaintiff seeks to enforce.").  Nor, for similar reasons, has the issue been preserved for appeal.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (quotation marks omitted).

But even if Roberts were able to amend his complaint to plead punitive damages on remand, we cannot say it would have any meaningful effect on establishing the requisite amount in controversy.  *See Morrison*, 228 F.3d at 1264–65 (reasoning that, even if the plaintiffs could pursue punitive damages on remand, it "would have little effect on establishing the requisite amount in controversy").  Roberts fails to identify any grounds to award $50,000 in punitive damages, apart from the "additional time spent on researching and filing an appeal case with the United States Court of Appeals Eleventh Circuit."  *See* O.C.G.A. § 51-12-5.1

But "[i]t has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought," not later events. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) (quotation marks omitted); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of [filing or] removal, not later."). So insofar as Roberts seeks punitive damages based on post-filing events, those amounts have no effect on establishing the amount in controversy under § 1332. And we cannot otherwise tell the grounds for which Roberts seeks punitive damages in relation to his claim for wrongful timber removal, nor the portion of his $50,000 request that relates to that claim. Thus, Roberts's suggestion that punitive damages could bridge the gap between the $40,000 damages amount (plus concrete marker replacement) and the $75,000 jurisdictional threshold remains "indeterminate and speculative," and therefore insufficient to preclude dismissal for lack of subject-matter jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003).

Finally, we note that nothing in our decision here prevents Roberts from suing Rayionier in state court for wrongful timber removal. We simply hold that his complaint failed to invoke federal subject-matter jurisdiction, so the district court did not err by dismissing the action.

**AFFIRMED.**