**FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-10029

_____

RICARDO DEVENGOECHEA,

*Plaintiff-Appellee,*

*versus*

BOLIVARIAN REPUBLIC OF VENEZUELA,

a foreign state,

*Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:12-cv-23743-PCH

_____

Before ROSENBAUM, BRANCH, and KIDD, Circuit Judges.

KIDD, Circuit Judge:

Ricardo Devengoechea sued the Bolivarian Republic of Venezuela to recover his collection of Simón Bolívar artifacts that Venezuela allegedly never returned to him. While Devengoechea's

lawsuit was pending, Venezuela underwent a regime change, its attorneys withdrew from the case, and it failed to defend against the lawsuit.

Devengoechea decided not to seek a default judgment under Federal Rule of Civil Procedure 55; instead, at Devengoechea's request, the district court tried the case in absentia—that is, without Venezuela's presence. This was improper. The Foreign Sovereign Immunities Act requires courts to follow the default provisions of the Federal Rules of Civil Procedure. And the Federal Rules of Civil Procedure do not provide for trial in absentia. We therefore vacate the judgment and remand the case to the district court.

## I. BACKGROUND

Ricardo Devengoechea lives in Orlando, Florida, and once had a collection of Simón Bolívar artifacts. We described these artifacts and their historical significance the last time this case was before us. *See Devengoechea v. Bolivarian Republic of Venez.* (*"Devengoechea I"*), 889 F.3d 1213, 1216–17 (11th Cir. 2018). According to Devengoechea, officials of the Bolivarian Republic of Venezuela contacted him through his cousin and expressed interest in purchasing the collection. In response, Devengoechea provided the Venezuelan officials with copies of certain items in the collection.

Shortly after, the Venezuelan officials allegedly arranged for a meeting with Devengoechea in Orlando to examine the collection and negotiate its purchase. During this meeting, the officials asked Devengoechea to bring the collection to Venezuela to continue negotiations. The officials and Devengoechea orally agreed

24-10029                Opinion of the Court                3

to have the collection inspected in Venezuela, and after the inspection, the officials would either purchase the collection or return it to Devengoechea in Orlando.

In Venezuela, the officials informed Devengoechea that they needed more time to examine the collection. So Devengoechea left the collection in Venezuela with the officials and returned to the United States. Ultimately, Venezuela neither paid Devengoechea for the collection nor returned it to him.

Devengoechea sued Venezuela under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330(a), 1602–1611, for breach of contract and unjust enrichment. Because Venezuela failed to appear in the case, the clerk entered a default, the district court held a bench trial on damages, and the district court entered a default judgment against Venezuela.

Then Venezuela appeared. At Devengoechea's request, the district court vacated the clerk's default and default judgment, and it allowed Venezuela to respond to the complaint. Venezuela eventually moved to dismiss the operative complaint for lack of subject-matter jurisdiction, among other grounds. The district court denied Venezuela's motion, Venezuela appealed, and we affirmed. *See Devengoechea I*, 889 F.3d at 1217.

On remand, Venezuela filed a motion to dismiss the case on jurisdictional grounds and for summary judgment. While the motion was pending, a regime change occurred in Venezuela, and Venezuela's counsel withdrew from the case. Eventually, the district court denied Venezuela's motion. The district court then set several

pretrial deadlines and filing requirements that Venezuela failed to meet. The district court noted that "[t]his alone would [have] be[en] an appropriate ground for granting a default against . . . Venezuela, and a ruling in favor of . . . Devengoechea, on liability." But because Devongoechea "stated he prefer[red] to prove his case," the district court "allowed the matter to proceed to trial on the merits."

Although Devengoechea notified Venezuela of the bench trial date, Venezuela did not appear at trial. Notwithstanding Venezuela's absence at trial, the district court ruled in favor of Devengoechea on the merits and awarded him a $17,128,630.10 judgment. Soon thereafter, counsel for Venezuela appeared again, and this appeal followed.

## II. STANDARD OF REVIEW

"We review the district court's grant of a default judgment for abuse of discretion." *Giovanno v. Fabec*, 804 F.3d 1361, 1365 (11th Cir. 2015) (per curiam) (quoting *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 898 (11th Cir. 1990)).

## III. DISCUSSION

The FSIA allows default judgments against foreign states like Venezuela. *See* 28 U.S.C. § 1608(e). And while the FSIA requires "evidence satisfactory to the court" before entering a default judgment, it does not otherwise establish a procedure for obtaining a default judgment. *Id.* That is where the Federal Rules of Civil Procedure come into play. *See Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 950–52 (11th Cir.

24-10029                 Opinion of the Court                    5

1996) (discussing Rule 55 in the context of an FSIA default judgment).

Rule 55 sets forth the process for obtaining a default judgment. First, the clerk must enter a party's default "[w]hen a party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Then, following the clerk's default, a party may seek entry of a default judgment by the clerk, Fed. R. Civ. P. 55(b)(1), or by the district court, Fed. R. Civ. P. 55(b)(2). *See S.E.C. v. Smyth*, 420 F.3d 1225, 1231–32 (11th Cir. 2005) (distinguishing Rule 55(b)(1) and Rule 55(b)(2)). Because Devengoechea's claims were not for a sum certain, Rule 55(b)(2) applies. *See id.* at 1231. It provides, in part, that if the district court intends to hold a hearing and the "party against whom a default judgment is sought has appeared personally or by a representative," that party must receive "written notice of the application" for a default judgment at least seven days before such a hearing. Fed. R. Civ. P. 55(b)(2).

In this case, Venezuela's counsel withdrew, and it did not subsequently comply with the district court's pretrial orders. At that point, Venezuela had failed to defend itself, and if Devengoechea wished to proceed against Venezuela, the district court should have required him to follow Rule 55's procedures for seeking a default judgment. Yet Devengoechea did not seek a clerk's default under Rule 55(a), nor did he apply to the district court for a default judgment under Rule 55(b)(2). And while the record indicates that Devengoechea notified Venezuela of the trial date,

Devengoechea failed to provide the notice that Rule 55(b)(2) requires prior to the district court's proceeding to default judgment. Notably, Devengoechea *did* follow Rule 55 in securing an earlier default judgment against Venezuela that he later agreed to vacate.

Instead of following Rule 55 again, Devengoechea asked the district court to proceed to trial on the merits. But while the Federal Rules of Criminal Procedure allow a *criminal* defendant to be tried in absentia, Fed. R. Crim. P. 43(c), the Federal Rules of Civil Procedure provide no method for a *civil* defendant to be tried in absentia. The default judgment procedures in Rule 55 are the only method the Rules establish for proceeding against a civil defendant who fails to defend.

We therefore find that the district court abused its discretion by entering judgment without ensuring that Devengoechea complied with Rule 55.

## IV. CONCLUSION

We **VACATE** the district court's judgment and **REMAND** the case for further proceedings consistent with this opinion.